THOMAS METCUFSKIE, AN INFANT, BY NEXT FRIEND, PLAINTIFF, v. PHILADELPHIA AND READING RAILWAY COMPANY, DEFENDANT.

Argued November 1, 1921—Decided February 21, 1922.

1. A suit to recover damages for personal injuries to the plaintiff, a non-resident of the state, which were caused by the alleged negligence of the defendant company, in the State of Pennsylvania, may be maintained in the courts of New Jersey, against a foreign railroad company authorized to do business and operate in New Jersey.

2. Such an action is transitory and the venue may be laid in the county in which the defendant was served with process.

---

On motion to strike out complaint.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the plaintiff, *John Winans.*

For the defendant, *John F. Reger.*

The opinion of the court was delivered by

BLACK, J.   An application was made in this case to strike out the plaintiff's complaint.   The reasons stated for the application in the notice to strike out are these:   Because the plaintiffs are non-residents of New Jersey; the defendant is a foreign corporation; the cause of action set out in the complaint is to recover damages for personal injuries based on the alleged negligence of the defendant, which arose outside of the State of New Jersey, and is therefore not properly within the jurisdiction of the courts of New Jersey.   The injury occurred on November 2d, 1920, at Mt. Vernon and Centre streets, in the borough of Shenandoah, county of Schuylkill, in the State of Pennsylvania.

The summons and complaint were served upon the defendant by the sheriff of Mercer county, in Trenton, New Jersey. The venue is laid in Mercer county.   The defendant company made the necessary filings required by the state's laws to qualify it to do business in New Jersey as a foreign railroad corporation.

The basis of the motion is, to entertain such an action is contrary to the public policy of the State of New Jersey.   This precise question does not seem to have been decided in our appellate courts in any reported decision.   The case of *Camden Rolling Mill Co.* v. *Swede Iron Co.,* 32 *N. J. L.* 15, is not in point; on the other hand, in those cases, which were brought in this state to recover damages for the destruction of property, growing out of the great fire in the city of New York in 1835, reported as the *American Print Works* v. *Lawrence,* 21 *Id.* 248, and *Hale* v. *Lawrence, Id.* 714 (at *p.* 727), it was said:   "While the courts of New Jersey will abstain from jurisdiction, where it is not clearly conferred by law, and whilst

they will extend all proper courtesy to foreign courts and their decisions, they will not feel themselves at liberty to deny process and jurisdiction merely from considerations of courtesy to such courts, or from motives .of convenience to themselves or suitors."

Section 202 of the Practice act (*Comp. Stat., p.* 4113, ¶ 202; *Pamph. L.* 1903, *p.* 590), relative to venue, while not intending to confer or to limit the jurisdiction of our courts, yet it operates as a recognition of the existence of such jurisdiction in actions merely transitory. In the case of *Ackerson* v. *Erie Railway Co.,* 31 *N. J. L.* 309, it was held, an ·action will lie in New Jersey for a tort to the person committed in another state. "Personal injuries are of a transitory nature and *sequantur forum rei.*" In that case the plaintiff was a passenger in one of the cars of the defendant company which, through its negligence, suffered the car to run off the track at Ballacoon, in the State of New York, injuring the plaintiff. The report of the case is silent as to the residence of the plaintiff. The decision, however, is placed squarely on the nature of the action, viz., that it is a transitory action, as distinguished from a local action; a local action is one brought to recover the seizin or possession of lands, which are local subjects. That case was cited with approval by the Court of Errors and Appeals in the case of *Fortein* v. *Delaware, &c., Railroad Co.,* 90 *Id.* 137, 141. This whole subject seems to be exhaustively treated in 15 *Corp. Jur.* 738, ¶¶ 37, 40. There a wealth of citations is made from many courts; it is stated a right of action which has accrued in one state will be enforced in the courts of another, unless prohibited by law, or unless such enforcement will transgress some policy of the state in which the action is brought.

The motion to strike the complaint should be denied, with costs. A rule to that effect may be entered.