ROBERT A. KOPENHAFER, RESPONDENT, v. PENNSYL-
VANIA RAILROAD COMPANY, APPELLANT.

Submitted October 26, 1929—Decided February 3, 1930.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Frank M. Hardenbrook.*

The opinion of the court was delivered by

HETFIELD, J. The plaintiff recovered a judgment in the
Hudson County Circuit Court, against the defendant, for
$7,500. Suit was instituted to recover damages for injuries
sustained by the plaintiff, on September 17th, 1926, while
performing his duties as a car barrer for the Susquehanna
Colliers Company, at Lykens, Pennsylvania. His work con-
sisted of moving coal cars, by applying an iron bar back of
the wheels, and forcing the car along the track until it was
in the proper position to be loaded from the breaker, after
which the car would be moved, in the same manner, down the
track to a point where it would be attached to a train. The
track where the plaintiff was required to work was on property
owned by his employer, and was known as the "loading track,"
and running along side of it was a track owned by the de-
fendant railroad company, called the "empty track," which
was used by the railroad company for the purpose of trans-
ferring its empty cars to a storage yard. On the day of the
accident, there were seven or eight cars of the railroad com-
pany standing on the "empty track." The plaintiff had fin-
ished his work for the day, and was preparing to put away

his tools, when he noticed a hatchet lying between the two tracks, and walked over to pick it up, so he could place it with the other tools. While doing so, the cars on the "empty track" started to move, and the over-hang of the nearest car struck the plaintiff, knocking him down, and bringing his right foot in such a position that it was caught between the wheel of the car and the rail, resulting in an injury necessitating the amputation of the toes and a portion of the foot.

The defendant argues that there should be a reversal, based on either of two grounds. The first is, that the trial court erred in not dismissing the action, because the New Jersey courts had no jurisdiction to hear and determine the case, for the reason that the plaintiff was a non-resident of New Jersey, the defendant a foreign corporation, and the alleged cause of action did not arise in this state. This contention is without merit. It has been repeatedly held by our courts that an action can be maintained in this state, by a non-resident against a foreign corporation, for personal torts committed in another state, and as the action is transitory in its nature, the venue may be laid where service can be had. *Hale* v. *Lawrence,* 21 *N. J. L.* 714; *Ackerson* v. *Erie Railway Co.,* 31 *Id.* 309; *Fortein* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *Id.* 137; *Metcufskie* v. *Philadelphia and Reading Railway Company,* 97 *Id.* 100.

The other ground upon which the defendant urges a reversal is based on the trial court's refusal to direct a verdict in favor of the defendant, alleging that there was no evidence of negligence on the part of the railroad company; and that the plaintiff's negligence and disregard for his personal safety was the proximate cause of the accident. There was evidence tending to show that the plaintiff's duty required him, at times, to move cars on the "empty track," as well as the one where the cars were loaded; and that no warning was given, by the defendant that the cars were about to be moved, which theretofore had been customary. There was also evidence to the contrary, thereby creating disputed questions of fact which were properly left to the jury for its determination, and we think there was sufficient proof to support the verdict.

The judgment under review should be affirmed.

532

*For affirmance*—The Chancellor, Chief Justice, Parker, Black, Campbell, Lloyd, Case, Bodine, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ.   13.

*For reversal*—None.