HUDSON COUNTY CIRCUIT COURT.

JOHN F. KANTAKEVICH, PLAINTIFF, v. DELAWARE, LACK-
AWANNA AND WESTERN RAILROAD COMPANY, DE-
FENDANT.

Decided January 19, 1940.

For the plaintiff. *E. Burke Finnerty.*

For the defendant, *John A. Laird.*

BROWN, C. C. J.  The defendant moves to quash the sum-
mons and set aside the complaint in the above entitled cause
or in the alternative refuse to entertain jurisdiction.  Accord-
ing to the allegations in the complaint the plaintiff is a resi-
dent of Scranton, Pennsylvania, and the defendant is a cor-
poration organized and existing by virtue of the laws of that
state.  In September, 1937, the plaintiff was injured at Scran-
ton while crossing the railroad tracks of the defendant.  It is
charged the plaintiff at the time was using a pathway which
because of its general use by the public became a "permissive
crossing" under the laws of Pennsylvania requiring the
defendant, in the operation of its trains over the crossing, to
sound a warning to persons using the pathway.  It is alleged
the defendant failed in this duty whereby the plaintiff was
injured.  The summons was served on the defendant in the
county of Hudson in compliance with *N. J. S. A.* 2:26-44, a
statute providing for the service of process on foreign cor-
porations.  The affidavit presented in support of the motion
contains the statement that "practically" all the witnesses

in the case, the number not being mentioned, reside in Pennsylvania; that neither New Jersey nor any of its citizens have any interest in the case; that no good reason exists for burdening the taxpayers of New Jersey with the expense of the litigation and delaying the trial of causes of its own citizens. It is also stated that if the cause is brought to trial, it will be necessary to bring four or five members of the defendant's train crew from Pennsylvania to New Jersey for an extended period of time thereby requiring replacements; that it would likewise be necessary to bring civil engineers together with experts on the law of Pennsylvania from that state at great cost and inconvenience. It is further stated a similar case tried in this state consumed two weeks of time and four other cases of a similar nature are now awaiting trial in the courts of New Jersey, all of which will entail great expense to the taxpayers of our state. It is conceded in this case and clearly established by decisions of our appellate courts that the cause *sub judice* is a transitory action. *Hale* v. *Lawrence,* 21 *N. J. L.* 714; *Ackerson* v. *Erie Railway Co.,* 31 *Id.* 309; *Metcufskie* v. *Philadelphia and Reading Railway Co.,* 97 *Id.* 100; 116 *Atl. Rep.* 170; *Kopenhafer* v. *Pennsylvania Railroad Co.,* 106 *N. J. L.* 530; 148 *Atl. Rep.* 629. It is interesting to note in the case of *Gardner* v. *Thomas,* 14 *Johns.* 134, which is cited by Chief Justice Beasley in the Ackerson case, the following appears: "But I am inclined to think it must, on principles of policy, often rest in the sound discretion of the court to afford jurisdiction or not, according to the circumstances of the case. To say that it can be claimed in all cases, as a matter of right, would introduce a principle which might, oftentimes, be attended with manifest disadvantage, and serious injury to our own citizens abroad, as well as to foreigners here." In *N. J. S. A.* 2:27-19 it is provided that "a transitory action, shall, *at the discretion of the court* be tried in the county in which the cause of action arose, or in which the plaintiff or defendant resided at the time of the commencement of the action, or, if defendant is a non-resident in the county in which process was served upon him." According to the decisions and statutes cited the motion to quash the summons and strike the complaint in this cause

must be denied. As to the remaining ground upon which the motion is based, that is to say: "refuse to entertain jurisdiction" is a ground that does not appear to have been directly considered in decisions in this state. The contention is made that by *N. J. S. A.* 2:26-44 the legislature has declared the public policy of this state to be that not only can service of process be effected according to the provisions of that act but the trial court must under all circumstances proceed with the trial of the cause and is without discretion to refrain from exercising its jurisdiction. There does not appear in this statute any word or reasonable inference that can be drawn therefrom of any declaration of a public policy much less any restriction or limitation on the judicial discretion of the trial court. All the statute does is to provide a method of serving process on a foreign corporation. *Camden Rolling Mill Co.* v. *The Swede Iron Co.*, 32 *N. J. L.* 15. In this connection it may be well to note that in the statute relating to transitory actions, *N. J. S. A.* 2:27-19, specific reference is made to the court's discretionary power in dealing with the question of venue. In any event there is nothing in our statutes or decisions, as far as this court can find, that impairs or limits the common law discretion of the trial court to refrain from exercising jurisdiction where injustice would otherwise result. The "privileges and immunities" clause of the Constitution of the United States is no longer an impediment on this point since the decision in *Douglas* v. *New York, New Haven and Hartford Railroad,* 279 *U. S.* 377. This case was similar in many respects to the one being considered on this motion. The court in the Douglas case speaking through Mr. Justice Holmes, said: "There are manifest reasons for preferring residents in access too often overcrowded courts, both in convenience and in the fact that broadly speaking it is they who pay for maintaining the courts concerned." The courts of the State of New York have long applied the practice of refusing, in their discretion, jurisdiction in transitory actions between non-residents and where the cause of action arose without the State of New York. *Collard* v. *Beach,* 87 *N. Y. Supp.* 884; *Murnan* v. *Wabash Railway Co.,* 246 *N. Y.* 244. In *Boright* v. *Chicago Railroad,* 230 *N. W. Rep.* 457,

Mr. Justice Stone in a dissenting opinion in referring to the New York State decisions stated: "The decision in the Douglas case is that the Supreme Court of New York has that power. Wholly immaterial is the source of the power—whether in common law, statute, or constitution. The important thing is, not where the power comes from, but whether it exists. There is no word in any decision of the New York courts, so far as they have been brought to our attention, to indicate that their discretionary power to dismiss comes from any statute or that any statute has anything whatever to do with it." While the practice in our courts has been to deny motions and overrule demurrers in which it was sought to dismiss transitory action of the kind now being considered there appears no practice or policy established in New Jersey of denying the discretionary power of a trial court to refrain from exercising its discretion by refusing to proceed with the trial of such a case where to do so would be an injustice to any of the parties; particularly is this true where the remedy is more complete in the jurisdiction where the parties reside. *Sielcken* v. *Sorenson,* 111 *N. J. Eq.* 44; 161 *Atl. Rep.* 47; *St. John, Inc.,* v. *Dillon (Circuit Court),* 62 *N. J. L. J.* 389. It is incontestably necessary to the effective performance of judicial functions that this discretionary power should be preserved and not denied. The court is mindful of the doctrine announced in *Hale* v. *Lawrence, supra,* that our courts "will not feel themselves at liberty to deny process and jurisdiction merely from considerations of courtesy to such courts, or from motives of convenience to themselves or suitors." The question of whether a trial court should refuse to exercise its jurisdiction where the reasons are cogent and clear involves more than comity, courtesy or the doctrine of *forum non conveniens.* It may involve reasons which might be successfully advanced in cases between citizens of our state in our courts; an increase of judges and courts necessitated by an excessive influx of foreign litigation from other states and foreign countries attended by an unreasonable burden of expense upon the taxpayers of New Jersey and to the detriment of citizens of our state in having their cases tried; the prevention of vexatious practices in the trial of cases and to

leave our trial courts their inherent right to see that justice is fairly administered and to encourage trials to be held in the forum where the remedy is more complete. It involves not only the right of a foreign litigant but also the remedy to be fairly and justly controlled. Stated more succinctly where the ends of justice clearly indicate that if a controversy tried in this state would result in an unfair burden upon and disadvantage to citizens of this state or that the controversy may be more suitably tried and the remedy more complete in another forum, then the parties should be relegated to that forum. A detailed and settled rule of procedure that would apply in every case is difficult if not impossible to state. It may be necessary to decide each case upon the facts and circumstances connected with the case. Viewed in the light of those considerations the facts presented on this motion do not convince this court that it should refrain from exercising its jurisdiction. To have a train crew travel from Scranton to Jersey City as well as the other witnesses mentioned is not an unreasonable interference with interstate commerce or a hardship on the defendant in view of present day conveniences for travel. As to a view by a jury of the *locus in quo* this would be a matter of discretion which is seldom exercised or necessary and from the proof presented it probably will be unnecessary in this case. Advances in the art of photography and the skill of engineers furnishes ample facilities for a fair presentation of the place of the occurrence. Concerning the factor of expense to the county of Hudson in the trial of the cause while an unusual number of transitory actions have been brought in that county lately, they are not so numerous or the burden upon the taxpayer so great as to move this court to grant the motion of the defendant.