C. B. CARSWELL & CO. v. LOUIS HABBERZETTLE, ADMINISTRATOR.

Decided May 20, 1905.

1.—Warranty—Liability for Taxes—Date of Lien.

All property owned by a person on January 1 must be listed for taxation by June 1 following, and although the taxes for that year do not become due until October 1, such owner is personally liable therefor, even though he sells the property prior to October 1 and before the amount of the taxes has been ascertained. The lien which the Constitution fixes upon realty to secure the taxes and penalties attaches from January 1. Const., art. 8, sec. 15.

**2.—Same—Penalties and Costs Accrued.**

Penalties and costs which accrue as a necessary consequence of a failure to pay the taxes become a charge on the land, and where the owner has sold the land with warranty he is liable for such penalties and costs equally as for the taxes.

**3.—Same—Payment by Grantee—Recovery Back.**

Where a grantee of land holding under a deed with covenants against incumbrances discharges a lien on the land for taxes due by the grantor he is entitled to recover for the accrued interest, penalties and costs which he so pays, as well as for the taxes. Carswell v. Haberzettle, 99 Texas, 1, on certified question.

Appeal from the County Court of Hill. Tried below before Hon. L. C. Hill.

*W. H. Allen,* for appellant.

*A. G. Walker,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This suit was brought by appellants in the County Court of Hill County against Louis Habberzettle, as administrator of the estate of George Walter, deceased, to establish against the estate of said decedent a claim alleged to be due on account of the breach of the covenants of warranty contained in a deed executed April 16, 1900, by the said Walter, to appellants, conveying to them certain real property situated in the city of Terrell, Kaufman County, Texas. The petition charges that the property was encumbered with the taxes for the year 1900, the State and county taxes being $83.07, with $9.80 penalty, interest and costs; and the city taxes being $109.08, with $10.90 penalty, interest and costs, making the total encumbrance $212.79. This amount appellants allege they paid June 20, 1901. It was further alleged, in substance, that the deceased, George Walter, in his lifetime conveyed said land and premises to appellants by warranty deed, therein covenanting that the same were free from all encumbrances and charges for taxes for the year 1900; that said Walter rendered said property to the State and county for taxes for said year at a valuation of $10,000, and to the said city of Terrell at a valuation of $12,000; that at the time of the conveyance of the property to appellants it was in fact encumbered with the taxes for the year 1900; that appellee's intestate failed and refused to pay said taxes or any part thereof, and appellants were forced to pay the same. It was also alleged that appellants presented an account of the sums paid by them, duly verified, to appellee as administrator of the estate of the said Walter, for allowance as a claim against said estate, but that appellee refused to allow the same or any part thereof. Ordinances of the city of Terrell were also pleaded, and copies thereof attached to appellants' petition, showing the enactment or adoption by the City Council of that city of the same or similar provisions of law in regard to the levy and collection of taxes on property in said city, with penalties prescribed for the failure to pay same, as are found in our State laws.

To appellants' petition appellee interposed the following special exceptions: First, said petition fails to show that this court has juris-

diction of the subject matter herein; second, said petition shows that the breach of warranty complained of is alleged to have been made on April 15, 1900, when there was no taxes due on the land purchased by plaintiffs from defendant's intestate, and that only the amount of $192.09 became thereafter due (over which amount this court has no jurisdiction) and that the balance of the claim of plaintiffs is for penalties and costs, which, as shown by said petition, if any there were, was through the negligence and laches of plaintiffs while in possession of property, which could not be charged to defendant or his intestate, wherefore defendant says that that court is without jurisdiction of the subject matter herein; third, said petition fails to show that this defendant or his intestate, George Walter, had any notice of the nonpayment of such taxes and penalties and costs accrued thereon. These exceptions were sustained by the trial court and the cause dismissed.

The court held that plaintiffs were not entitled to recover the costs and penalties set up in their petition, and struck out the same; that after deducting the sum of said costs and penalties the amount remaining in controversy was less than $200, and the court was without jurisdiction to render judgment therefor.

The court erred in sustaining appellee's exceptions and striking out the amount of penalties sought to be recovered by appellants. All property owned by a person in this State on the first day of January must be listed for taxation between that date and June 1, of each year, and notwithstanding the taxes do not become due until the 1st day of October following, he is personally liable for the taxes of that year, though he sells the property before the amount of such taxes has been ascertained and before the payment thereof becomes due. If not paid on or before the 31st day of January of the succeeding year, a penalty of ten percent on the entire amount of such taxes accrues. To secure the payment of taxes and penalties the Constitution provides that, "The annual assessment made upon landed property shall be a special lien thereon, and all property, both real and peronal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent." (Art. 8, sec. 15.) This lien attaches and the taxes become an encumbrance on the land from the date liability is fixed on the owner, which is the 1st day of January of the year, although the amount of said taxes is not fixed and determined until some time subsequent thereto. It follows that the taxes due by appellee's intestate for the year 1900 on the land sold appellants, were an encumbrance on said land when conveyed, and remained such until paid off by them in June, 1901. (Cruger v. Ginnuth, 3 App. Civ. Cases, sec. 24; Alney v. Hunt, 48 Ill., 45; Rundell v. Lakey, 40 N. Y., 514.)

The penalties sued for by appellants were a proper element of their damages. Their grantor having failed to pay the taxes within the time required by law, such penalties accrued as a necessary consequence of such failure and became a charge upon the land. To relieve their property from the encumbrance now resting upon it, appellants were forced to pay not only the taxes due, but the penalties accrued, which amounted in the aggregate, as shown by their petition, to the sum of $212.79. The amount sued for being less than the purchase price of the land, the measure of their damages for a breach of the covenants in their

deed was the necessary sum paid by them in good faith to discharge the encumbrance and protect their land from seizure and sale to satisfy the same. The encumbrance, as regards both the taxes and penalties, was one suffered by the grantor, in this instance, which it was within his power and duty to have avoided.

The questions, however, were certified to our Supreme Court, and in answering them that court said: "It is now the settled law in this court that although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet if the facts alleged be such as to show no cause of action as to such part of the whole sum sued for, as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed. (Western U. Tel. Co. v. Arnold, 9 Texas Ct. Rep., 343.) But we are of the opinion that the penalties and costs which accrued upon the failure of the grantor in the deed to pay the taxes, stand upon the same footing as the taxes themselves. The covenantee, in a case like this, makes no promise to the covenantor and owes him no duty. On the other hand, it is the duty of the latter to remove the encumbrance. Therefore, as we think, that if to the debt of the covenantor, which constitutes the encumbrance on the land, there is annexed either by law or by contract, some condition, by the happening of which the debt may be increased, and the condition happens, the increment is as much a part of the encumbrance as the original debt; and we also think the rule would apply with peculiar force, when the happening of the contingency is the result of the covenantor's own default. For illustration, let us suppose that A, after having given a mortgage upon a tract of land, conveys it to B, with a covenant against encumbrances; that the debt secured contains a stipulation that in case suit is brought, the debtor shall pay ten percent additional as attorney's fees, and that the debtor fails to pay and suit is brought? In such a case it could as well be said that the interest on the debt was not covered by the mortgage as that the attorney's fees were not. So in this case by reason of the default of the grantor in the deed in failing to pay the taxes assessed, the debts are by operation of law increased by penalties and costs, which increase it was the duty of the covenantor and not the duty of the covenantee to prevent. Clearly the State, county and city had a lien upon the land as well for the penalties and costs as for the taxes themselves; and we fail to see any principle upon which it can be claimed that any duty was devolved upon the covenantee to discharge at any stage the obligation which the covenantor had undertaken to perform." (Carswell v. Habberzettle, 99 Texas, 1, 12 Texas Ct. Rep., 786.)

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*