### HOGE v. GARCIA et al. (No. 7801.)

Court of Civil Appeals of Texas. San Antonio. June 1, 1927.

Rehearing Denied July 2, 1927.

1. Waters and water courses ☞231—No lien arose under tax levy of water improvement district prior to time of assessment and declaration of amount of taxes (Rev. St. 1925, art. 7172; Vernon's Ann. Civ. St. 1925, art. 7675a; Const. art. 8, § 15).

If lien was created for taxes on land in water improvement districts by virtue of Rev. St. 1925, art. 7172 (7528), prior to enactment of Vernon's Ann. Civ. St. 1925, art. 7675a, lien did not arise until valid assessment was made of land, and amount of taxes declared, in view of Const. art. 8, § 15, making annual assessment on landed property special lien thereon.

2. Taxation ☞501—Taxes are not lien on property, unless expressly made so.

Neither general taxes nor special taxes in districts are lien on property, unless expressly made so.

3. Covenants ☞118—Grantee had burden to prove attachment of tax lien at time of purchase of property in action against grantor for breach of warranty in deed.

In action for breach of warranty in deed on account of alleged tax lien on land at time of conveyance, burden rests on plaintiff to show valid assessment of tax, and that lien had attached at time of purchase.

4. Covenants ☞100(3)—Tax levy by water improvement district held not to create lien on land constituting breach of warranty, where land was not assessed until after execution of deed (Rev. St. 1925, art. 7172; Vernon's Ann. Civ. St. 1925, art. 7675a; Const. art. 8, § 15).

Tax levy on property by water district prior to time of conveyance, and prior to enactment of statutory provisions creating lien for taxes in water improvement districts, under Vernon's Ann. Civ. St. 1925, art. 7675a, held not lien on property conveyed, such as to permit recovery by grantee for breach of warranty in deed, under

Const. art. 8, § 15, Rev. St. 1925, art. 7172 (7528), where land was not assessed until after execution of deed.

5. Waters and water courses ☞231—"Annual assessment" constituting lien on property does not include levy of special taxes by water district (Const. art. 8, § 15).

Const. art. 8, § 15, making annual assessment on landed property special lien does not in use of term "annual assessment" refer to levy of special taxes by water district created by its waters.

6. Covenants ☞46—Warranty applies only to liens existing at time of execution of deed.

Covenant of warranty does not include potential liens, but only liens existing at time deed is executed.

Appeal from Hidalgo County Court; A. W. Cameron, Judge.

Action by W. H. Hoge against Porfiria Garcia and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Thompson & McWhorter, of Weslaco, for appellant.

Buchanan & Haigh, of Edinburg, for appellees.

FLY, C. J. No pleadings are included in the record, but it may be ascertained from an agreed statement of the issues and facts that appellant sued Porfiria Garcia, Jose J. Garza, and Carmen T. de Garza, to recover on a breach of warranty of a deed to certain land executed by appellees on June 19, 1923, to W. A. McComb, assignor of appellant, for taxes levied and collected in the sum of $298.22, on the land for the year 1923; the tax being levied to obtain revenue to retire certain bonds of water improvement district No. 4 of Hidalgo county, which were voted on May 25, 1923. The land sold by appellees to appellant was situated in the district named. On May 26, 1923, the directors of the water district canvassed the votes, every one of which was cast for the issuance of the bonds, and the directors on the same date ascertained and fixed the rate of the tax and levied the same on all the property within the bounds of the district in a sum sufficient to pay the interest on the bonds and provide the requisite sinking fund, and ordered the date of the bonds to be August 15, 1923. The land was duly assessed at some uncertain date, probably between July 26 and August 3. The tax was due on November 1st. Appellant paid the tax and sued appellees for the amount.

It is agreed:

"The sole question involved in this case, for which this appeal is prosecuted, is whether or not on June 19, 1923, there was a lien or incumbrance for said taxes upon said land amounting to a breach of the warranty contained in said deed bearing said date."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It was further agreed:

"If, in the law, there did exist such a lien or incumbrance, then the plaintiff is entitled to recover the amount sued for, with costs," etc.

At the time the deed was executed by appellees no assessments had been made against their property in the improvement district and no lien had been created against the land; in fact, in 1923, no act was in existence creating a lien on real property for district improvement taxes, unless it be held that article 7172, Rev. Stats. 1925 (old number 7528), which creates such liens for general taxation purposes, applies to water improvement districts. It was not until 1925 that a law was passed which made all assessments by the directors of a water improvement district as provided by law for the maintenance and operation thereof a lien on the land against which assessments are made. Article 7675a, Vernon's Rev. Stats. 1925. There must have existed in the minds of the Legislature a doubt as to a lien for taxes existing in a water improvement district or the article in question would not have been passed. We find no provision in the statutes creating water improvement districts making the laws as to general taxation apply to the improvement districts.

[1, 2] If, however, a lien was created for taxes on land in water improvement districts, by the general law, still no lien arose until a valid assessment had been made of the land and the amount of the taxes declared. The state Constitution, art. 8, § 15, provides:

"The annual assessment made upon landed property shall be a special lien thereon. * * *"

And the Supreme Court, construing that provision, has held:

"The lien of the state, under the provisions of the Constitution, arises out of the assessment of the property and does not exist until that assessment is made. It is the assessment made annually by the officers of the state under and in accordance with the law which holds a lien upon the land. The word 'assessment' as here used evidently means the sum which has been ascertained as the apportioned part of the tax to be charged against the particular piece of property, but under our Constitution and the provisions of our statute, the word embraces more than simply the amount and includes the procedure on the part of the officials by which the property is listed, valued, and finally the pro rata declared." State v. Farmer, 94 Tex. 232, 59 S. W. 541.

The rule is that taxes are not a lien upon property, unless expressly made so, and this applies to special taxes in districts, as well as general taxes. Cooley, Taxation, pp. 865, 866, and authorities cited in footnotes; State v. Hunt (Tex. Civ. App.) 207 S. W. 636.

The time when a tax lien will attach to property must be determined by the terms of the statute. The Constitution of Texas, art. 8, § 15, provides that the annual assessment made upon landed property shall be a special lien thereon. Of course, the lien would not attach until the assessment was made. It is dependent on the assessment.

If it requires a statute to make taxes levied by a district a lien on land, if the lien had no existence until a valid assessment was made, then there was no lien on the land when it was sold to the vendor of appellant. Under the law by virtue of which the water improvement district was organized, certain acts are required to be done in order to create a valid assessment of taxes, and they must be shown to exist in order to make the taxes a claim against land in the district.

[3-5] The burden rested on appellant to show a valid assessment of the property for taxation in order to cause the lien to attach to the land and in order to render appellees liable under their warranty to show that the lien had attached at the time of the purchase from appellees. There were not and could not have been any taxes due on the land for the water district on January 1, 1923. No bonds had been voted at the time and it is a fiction to say when the bonds were voted in May the taxes immediately became of date January 1, 1923. No doubt, the property, being owned by appellees on January 1, 1923, was listed by them for taxation for general purposes, but it would be an absurdity to say that because it was so listed the special taxes attached to it. It took another and special assessment to burden it with the taxes arising from the issuance of the bonds at the latter part of May. The facts in the case of Carswell v. Habberzettle, 39 Tex. Civ. App. 493, 87 S. W. 911, are totally different from the facts of this case, although appellant seems to place full reliance on it. The taxes in that case were due to the state and county and they were a burden on the estate on January 1, 1900, by reason of the taxes afterwards to be assessed and which were assessed. The deed to Carswell was made in April, 1900, and the property was incumbered under the Constitution with the taxes assessed for that year. It is said in that case that the lien attached and the taxes became an incumbrance on the land under article 8, § 15, of the Constitution, which has reference to state and county taxes. Whether that decision be sound or not, it is not applicable to the facts of this case. The state and county taxes have not potential, but positive, existence on January 1st of each year, and death is not more certain. The Constitution did not have any reference to special taxes levied by a district created by its voters when it used the term "annual assessment." In 1921, a lien for water districts was created to cover taxes of delinquents. But the lien was not created until the taxes became delinquent.

[6] Article 8, § 15, of the Constitution is as follows:

"The annual assessment made upon landed property shall be a special lien thereon, and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide."

There is no provision in the Constitution causing the lien created by the "annual assessment" to go back to January 1st of each year; nor is there any such provision in article 7172, Rev. Stats. 1925. To create a lien there must be an assessment under the Constitution for it is the "annual assessment" that gives the lien. The warranty in the deed to appellant's vendor did not include potential liens, but the liens existing at the time the deed was executed.

The judgment will be affirmed.