Don M. SMART, Appellant,

v.

TOWER LAND AND INVESTMENT CO., Appellee.

No. 19895.

Court of Civil Appeals of Texas, Dallas.

May 10, 1979.

Timothy E. Kelley, Dallas, for appellant.

H. Dee Johnson, Johnson & Cravens, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

Appellee, Tower Land and Investment Company, sued appellant, Don Smart, for reimbursement for its payment of ad valorem taxes incurred during the time appellant owned certain real estate. The trial court granted judgment for appellee. Appellant argues that the trial court erred in denying his counterclaim for usury, in allowing reimbursement, and in failing to submit a fact question to the jury. We overrule these points and accordingly affirm.

In 1968 appellant purchased approximately thirty five acres of land from appellee, paying part of the purchase price in cash and securing the remainder by a promissory note and a deed of trust. Under the terms of the note, appellant prepaid the first three years of interest at six percent per annum. The note was extended in 1974 when the parties agreed to an extension of the lien. Appellant defaulted on the note in December of 1975, and appellee repurchased the property at the trustee's sale on March 2, 1976. Appellee then discovered that appellant had failed to pay the ad valorem taxes on this property from January 1, 1975, to February 28, 1976. In order to prevent foreclosure by the taxing authorities, appellee paid $18,736.35 in back taxes and then brought this suit for reimbursement.

Appellant raises three points on appeal. First, he argues that the promissory note is a contract for usury since it allows appellee on default to accelerate and mature the balance of the note and to keep all interest payments collected, without any obligation to apply unearned interest as a credit to unpaid principal. Second, appellant contends that he is not personally liable for the payment of taxes under the terms of the deed of trust, the promissory note and the extension of the lien. Finally, he argues that sufficient evidence exists to raise a question for the jury as to the intent of the parties regarding appellant's personal liability for the payment of taxes.

■■ Regarding usury, appellant argues that had he defaulted within the first twenty-two months of the loan, appellee could retain the prepaid interest. If this prepayment was credited only as interest, he contends that the note is usurious since the amount of interest paid as opposed to interest actually earned, would be greater than ten percent per annum. We cannot agree that this makes the note usurious. In interpreting an alleged usurious contract, when the contract by its terms, construed as a whole, is doubtful, or even susceptible of more than one reasonable construction, the court will adopt the construction which comports with legality. *Home Savings Association of Dallas County v. Crow*, 514 S.W.2d 160, 165 (Tex.Civ.App.—Dallas 1974), *affirmed* 522 S.W.2d 457 (Tex.1975). Generally, Texas courts have refused to

find a lending contract usurious unless the contract by its express terms shows that the party intended to contract for interest in excess of the statutory ceiling. *Walker v. Temple Trust Co.*, 124 Tex. 575, 80 S.W.2d 935 (1935); *American Century Mortgage Investors v. Regional Center, Ltd.*, 529 S.W.2d 578 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.). The note itself is silent as to how any unearned interest is to be treated, but the contract does not contain any expressions of intent to charge usury. Therefore, we construe this note as allowing any unearned interest to be credited to unpaid principle in the event of default, thus making the contract legal. *See Home Savings Association of Dallas County v. Crow*, 514 S.W.2d 160 (Tex.Civ.App.—Dallas 1974), *affirmed* 522 S.W.2d 457 (Tex. 1975); *Stacks v. East Dallas Clinic*, 409 S.W.2d 842 (Tex.1966).

*Tanner Development Co. v. Ferguson*, 561 S.W.2d 777 (Tex.1977) is determinative of the usury question in this case. *Tanner* concerned a promissory note given as partial consideration for the conveyance of land. Under the terms of the note, the interest rate was 9½ percent per annum, and the first year's interest was to be paid in advance. Interest thereafter was to be paid quarterly in advance on the 20th day of January, April, July, and October of each calendar year from January 20, 1974 to July 20, 1977, with payments on principal deferred during this period. Upon default, the mortgagee accelerated the balance and foreclosed on the property. In holding that the interest must be spread over the entire term of the loan to determine whether a contract was usurious, the court stated:

> When, in 1967, the Legislature extended the usury penalties to interest "contracted" for during the entire term of the note (article 5069–1.06), it seems only reasonable that it intended for the contract to be tested for usury on the basis of the compensation charged for the entire term during which the borrower had use, detention or forbearance of the principal debt. Since the contract in question provided Ferguson, the payor, with the full use of the consideration represented by the actual face amount of the note (the ten acres of land) for the entire term of the contract and since usury penalties are now applied to the entire contract, we are compelled to hold that the advanced interest payable under the present note should be spread over the entire term of the contract. . . . In our opinion it would be beyond the obvious intent of the Legislature in the enactment of article 5069–1.06 to impose its severe penalties solely upon proof that one year's interest payments exceeded the statutory limit where over the effective period of the contract interest payments were not in the aggregate in excess of amount authorized by law. 561 S.W.2d at 786–787.

Appellant argues that *Tanner* is distinguishable from the case at bar because the note in *Tanner* contained a savings clause. Since the contract on its face shows no intent to charge usury, and since we have construed the note as allowing any unearned interest to be credited to unpaid principle, the absence of a savings clause does not render *Tanner* inapplicable. Applying the *Tanner* principles, we hold that the contract is not usurious since the interest spread over the entire term of the loan does not exceed the statutory amount of ten percent per annum. Thus, an intent to charge usury is lacking. *See American Century Mortgage Investors v. Regional Center, Ltd.*, 529 S.W.2d 578 (Tex.Civ.App. —Dallas 1975, writ ref'd n. r. e.).

Appellant's second contention is that he is not personally liable for the payment of taxes under the terms of the various instruments composing the contract, and he argues that appellee's only recourse was foreclosure. He contends that both the note and the extension of lien contain language absolving him from all personal liability, including the payment of taxes. We disagree. The note states:

> It is agreed and stipulated that the parties of the first part herein shall and will at their own proper cost and expense keep the property and premises herein described and upon which a lien is hereby given and created in good repair and con-

dition and *to pay and discharge as they are or may become payable all and every taxes and assessments that are or may become payable thereon under any law . . . and in case of default made by the parties of the first in performance of any of the foregoing stipulations the same may be performed by the holder of said indebtedness for account and at the expense of the parties of the first part and any and all expenses incurred and paid in so doing shall be payable by the parties of the first part to the party of the third part with interest at the rate of ten percent per annum from the date that the same was so incurred or paid and shall stand secure and payable by and under this deed in like manner with the other indebtedness herein mentioned. . . .* [Emphasis added].

Under this provision appellant is clearly obligated to pay taxes. The liability for the payment of taxes is generally personal, falling on the true owner of the property. Tex.Rev.Civ.Stat.Ann. art. 7151 (Vernon Supp.1979); *Cranfill Bros. Oil Co. v. State*, 54 S.W.2d 813 (Tex.Civ.App.—El Paso 1932, writ ref'd); *C. B. Carswell & Co. v. Habberzettle*, 39 Tex.Civ.App. 493, 87 S.W. 911 (1905, no writ). Although the extension of lien and promissory note released appellant from personal liability on the note itself, it did not relieve him from the covenant to pay taxes. To hold that appellant's only recourse against appellee was foreclosure on the property, as appellee contends, would be an empty remedy since any buyer would be forced to pay these taxes or risk foreclosure by the taxing authority.

In *Henry S. Miller Co. v. Wood*, Docket No. 8643 (Tex.Civ.App.—Texarkana, April 24, 1979) (not yet reported), the court denied on facts similar to ours plaintiff's claim for reimbursement for back taxes paid. The court construed the contract in that case as making any taxes which became due before foreclosure a part of the secured debt and also found that the defendant was not personally liable because of certain provisions limiting liability. *Wood* is distinguishable, however, from the case at bar. In *Wood*, if the defendant failed to pay the taxes, the legal holder of the note could pay them and "sums so expended shall become part of the debt hereby secured . . . ." Here, should appellant default and appellee pay the taxes, then "any and all expenses incurred and paid . . . shall be payable by the parties of the first part (appellant-mortgagor) to the party of the third part (appellee-mortgagee) . . . ." This covenant does not provide that the payment of taxes by one other than the owner of the property is to become merged with the secured debt as did the covenant in *Wood*. Rather, it creates a separate right of action for reimbursement. Neither is appellee in the position of voluntarily paying the debt of another without his consent as the parties were in *Stone v. Tilley*, 100 Tex. 487, 101 S.W. 201 (1907) and *The Praetorians v. State*, 53 S.W.2d 334 (Tex.Civ.App.—Waco 1932, writ ref'd). The contract in this case gives appellee the right to pay any unpaid taxes and to be reimbursed. Thus, we conclude that the trial court properly allowed appellee's claim for reimbursement. *Ferguson v. Dickinson*, 138 S.W. 221 (Tex.Civ.App.—Fort Worth 1911, no writ); *see Cassidy v. Scottish-American Mortg. Co.*, 27 Tex.Civ.App. 211, 64 S.W. 1023 (1901); *Littlefield v. Scott*, 244 S.W. 824 (Tex.Civ.App.—Beaumont 1922, writ ref'd).

Finally, appellant argues that the trial court erred in finding that no fact issues existed. He contends that a fact issue was raised regarding the intent of the parties on whether appellant was to be personally liable for the payment of taxes. No ambiguity was pleaded or asserted at trial, and both parties admitted that their entire agreement was embodied in the various documents making up the contract. The contract is clear and unambiguous, no fact issue exists, and the only issue raised is one of law concerning construction of the documents. Since the trial court's construction of these documents was correct, we affirm.