

# The Attorney General of Texas

March 13, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

1824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

1313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Von Dohlen
Chairman
House Committee on Regions,
  Compacts and Districts
State Capitol
Austin, Texas

Opinion No. MW-4

Re: Whether tax exemptions authorized by tax relief amendment may be effective as of January 1, 1979.

Dear Representative Von Dohlen:

You ask the following question concerning enabling legislation to implement the Tax Relief Amendment:

> In passing enabling legislation to implement the ad valorem tax exemptions authorized in the "Tax Relief Amendment," may the Legislature make such exemptions effective as of January 1, 1979?

The "Tax Relief Amendment" took effect January 1, 1979. It provides that the Legislature shall exempt from ad valorem taxation household goods and personal effects not held or used for the production of income and may exempt all or part of the personal property homestead of a family or single adult. It shall provide for taxation of farm or ranch land on the basis of productive capacity and may provide for taxation of timberland on the same basis. It may exempt an amount not to exceed $10,000 of the homestead of a person who is disabled or over 65 from ad valorem taxation for public schools. However, the exemption may not be implemented where ad valorem tax has been pledged for payment of a debt if cessation of the levy would impair the obligation of contract.

These exemptions will not become effective in the absence of legislation. See Attorney General Opinion H-88 (1973) (implementation of article 8, § 2(b) of the Texas Constitution). Whether or not the legislature may make these exemptions effective January 1, 1979, depends on the application of several other constitutional provisions.

Article 1, section 16 forbids the enactment of retroactive laws, but this prohibition does not extend to all statutes. The legislature may enact retrospective legislation where no impairment of vested rights results.

Deacon v. City of Euless, 405 S.W.2d 59, 62 (Tex. 1966); Cox v. Robison, 150 S.W. 1149 (Tex. 1912); Attorney General Opinions H-634 (1975), H-14 (1973). Where private rights are not involved, the legislature may impose retroactive legislation on political subdivisions. Deacon v. City of Euless, supra at 62; cf. Love v. City of Dallas, 40 S.W.2d 20 (Tex. 1931) (constitution protects property which political subdivision holds in trust for people). The vested rights of taxpayers will not be injured by the grant of tax exemptions effective January 1, 1979, since it creates rather than destroys a right. See Attorney General Opinion M-413 (1969); 2 Sutherland, Statutory Construction § 41.02 (4th ed. C.D. Sands 1973). Although statutes are generally presumed to operate prospectively, they will be given retrospective effect where the legislative intention is clear, and where no impairment of vested rights results. Deacon v. City of Euless, supra at 61; see Code Construction Act, V.T.C.S. art. 5429b-2, § 3.02 (statute presumed to operate prospectively unless expressly made retrospective).

Other constitutional provisions prohibit the state from applying a tax exemption retroactively when the tax liability has matured. Article 3, section 55 of the Texas Constitution provides as follows:

> The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years.

A delinquent tax is a liability within this provision. State v. Pioneer Oil & Refining Co., 292 S.W. 869 (Tex. Com. App. 1927, jdgmt adopted). Once a tax becomes a liability article 3, section 55 makes it irrevocable, and the legislature cannot extinguish it by repealing the statute which enacted it. See also Sloan v. Calvert, 497 S.W.2d 125 (Tex. Civ. App. — Austin 1973, no writ); Smith v. State, 420 S.W.2d 204 (Tex. Civ. App. — Austin 1967), aff'd, 434 S.W.2d 342 (Tex. 1968); Attorney General Opinions M-34 (1967), C-200 (1963). In addition, article 8, section 10 prohibits the legislature from releasing the inhabitants of any county, city or town from the payment of taxes levied for State or county purposes unless in case of great public calamity. See Bass v. Aransas County I.S.D., 389 S.W.2d 165 (Tex. Civ. App. — Corpus Christi 1965, writ ref'd n.r.e.) (dicta).

Moreover, a statute which attempts to grant an exemption with respect to a tax liability accruing before its effective date might also violate article 3, section 51 of the Texas Constitution. This provision prevents the state from making or authorizing a grant of public funds to any individual, association of individuals or corporation, in the absence of a public purpose or consideration moving to the state. State v. City of Austin, 331 S.W.2d 737 (Tex. 1960); Attorney General Opinion H-416 (1974). Article 3, section 52 also prevents the legislature from authorizing political subdivisions to grant public money to individuals and corporations. In Morris v. Calvert, 329 S.W.2d 117 (Tex. Civ. App. — Austin 1959, writ ref'd n.r.e.), the court held that a statute providing an inheritance tax exemption applied only to estates of persons dying after its effective date. Some

statutory language indicated that the legislature intended the exemptions to become effective when the governor signed the bill, but the court rejected this interpretation as raising a serious question of constitutionality. Inheritance tax is a lien upon property from the date of death, and to reduce it by a tax exemption that subsequently became effective would violate sections 51 and 55 of article 3 of the Texas Constitution. See In re Voorhees' Estate, 196 A. 365 (N.J. Prerog. Ct. 1938); aff'd, 3 A.2d 891 (N.J. Sup. Ct. 1939); aff'd, 10 A.2d 651 (N.J. Ct. of Errors and Appeals 1940) (statute retroactively exempting taxes to which state's right was fixed makes unconstitutional gift of public funds). See also In re Skinker, 303 P.2d 745 (Cal. 1956).

In our opinion, sections 51, 52, and 55 of article 3 will prevent the legislature from enacting a tax exemption applicable to tax liabilities which have already accrued or matured. Thus, the resolution to the issue you raise will require a determination of the date upon which ad valorem tax liabilities accrue, mature, or become fixed.

The validity of an ad valorem tax rests upon levy and assessment. State v. Pioneer Oil & Refining Co., supra; Zglinski v. Hackett, 552 S.W.2d 933 (Tex. Civ. App. — Austin 1977, writ ref'd n.r.e.). In the absence of a valid assessment, there is no liability for the tax within article 3, section 55 of the constitution. State v. Pioneer Oil & Refining Co., supra; Clegg v. State, 42 Tex. 605 (1875); Republic Insurance Company v. Highland Park I.S.D. of Dallas County, 57 S.W.2d 627 (Tex. Civ. App. — El Paso 1933, writ dism'd w.o.j.). Article 8, section 15 provides that "[t]he annual assessment made upon landed property shall be a special lien thereon. . . ." This lien does not exist until assessment is made in accordance with law. State v. Farmer, 59 S.W. 541 (Tex. 1900); Hoge v. Garcia, 296 S.W. 982 (Tex. Civ. App. — San Antonio 1927, writ ref'd); cf. C. B. Carswell & Co. v. Habberzettle, 87 S.W. 911 (Tex. Civ. App. — 1905, no writ) (lien attaches January 1 although the amount of taxes is not determined until sometime subsequent). Of course, once the tax liability is established, the lien becomes effective as of January 1. State of Texas v. Moody's Estate, 156 F.2d 698 (5th Cir. 1946).

The terms "levy" and "assessment" are sometimes used interchangeably. See Kinney v. Zimpleman, 36 Tex. 554, 582 (1872); Amaimo v. Carter, 212 S.W.2d 950, 955 (Tex. Civ. App. — Beaumont 1948, writ ref'd n.r.e.). In the present context, however, "levy" refers to the legislative act which imposes a tax and fixes its rate. Clegg v. State, 42 Tex. 605, 610–11 (1875); Amaimo v. Carter, supra; Sussex County v. Jarratt, 106 S.E. 384, 387 (Va. 1921). An order of the commissioners court "that the following tax rates be levied" was held to be a valid tax levy. Victory v. State, 158 S.W.2d 760 (Tex. 1942); see Cranfill Bros. Oil Co. v. State, 54 S.W.2d 813 (Tex. Civ. App. — El Paso 1932, writ ref'd); Attorney General Opinion H–1235 (1978). "Assessment" refers to the administrative process of applying the tax rate to an individual's property and thereby determining the amount he owes. Clegg v. State, supra; Sussex County v. Jarratt, supra. "It includes the procedure on the part of the officials by which the property is listed, valued, and, finally, the pro rata declared." State v. Farmer, supra. See also Republic Insurance Co. v. Highland Park I.S.D., supra.

The taxpayer's liability is fixed when these two requirements are met: the assessment has been made and there has been a legal levy. Crocker v. Santo Consolidated

L.S.D., supra.  Attorney General Opinions C-457 (1965); V-943 (1949) (taxes do not accrue until there has been both an assessment and levy).  In Bass v. Aransas County L.S.D., the court discussed article 7345d, V.T.C.S., which authorized the commissioners court to reconsider and adjust current or delinquent assessments.  It stated in dicta that it "would be inclined to hold the act unconstitutional insofar as it authorizes reopening and reconsideration of valid assessments" as violating article 3, sections 52 and 53 and article 8, section 10 of the Texas Constitution.  It noted a series of Attorney General Opinions ruling  the statute void insofar as it applied to valid assessments.  Attorney General Opinions V-1517 (1952); O-6257 (1944) (statute violates article 3, section 55 and article 8, section 10); O-930 (1939).  In our opinion, you may constitutionally provide tax exemptions from the current year's taxes if the enabling legislation becomes effective before ad valorem tax liabilities are fixed by assessment and levy.  However, the legislation may not constitutionally apply the tax exemptions to tax liabilities which have been fixed by assessment and levy prior to the effective date, since the taxpayer would thereby receive a gift of public funds and a remission of taxes in violation of article 3, sections 51, 52, and 55, and article 8, section 10 of the Texas Constitution.

Attorney General Opinion H-849 (1976) describes the timetable for assessment of county taxes.  See V.T.C.S. art. 7244c.  The commissioners court meets as a board of equalization in May or June.  V.T.C.S. arts. 7206, 7212, 7217, 7218.  This procedure affects other taxing authorities which rely on the county's tax rolls and assessments.  Attorney General Opinion H-849 (1976).  However, all taxing authorities are not necessarily subject to the general taxation statutes.  Campbell v. City of Houston, 464 S.W.2d 372 (Tex. Civ. App. — Houston [14th Dist.] 1971, no writ); Seguin I.S.D. v. Blumberg, 402 S.W.2d 552 (Tex. Civ. App. — San Antonio 1966, writ ref'd n.r.e.).  The relevant statutes or home rule charters must be consulted in individual cases, since the timetables may vary causing some jurisdictions to have tax liability mature before a statute can be enacted.

## SUMMARY

Legislation implementing tax exemptions authorized by the Tax Relief Amendment may constitutionally apply to tax liabilities which have not been fixed by levy and assessment as of the statute's effective date.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin
William G Reid
Martha Smiley
Bruce Youngblood