

# THE ATTORNEY GENERAL
## OF TEXAS

April 14, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Carlos Valdez
Nueces County Attorney
Nueces County Courthouse
Room 206, 901 Leopard
Corpus Christi, Texas   78401

Opinion No.  JM-893

Re: Whether a tax exemption for non-income-producing recreational boats applies to all such boats that were on the tax rolls as of the effective date of the statute  (RQ-1188)

Dear Mr. Valdez:

The 70th Legislature amended section 11.14 of the Tax Code, to provide what is essentially a "local option" exemption from ad valorem taxation for recreational boats.  See, e.g., Attorney General Opinion MW-11 (1979) (authority of the legislature to permit taxing units to exempt automobiles from property tax on a local option basis).  The bill, Senate Bill No. 367, became effective on May 26, 1987.  Essentially, the amendment provides that non-income-producing boats are exempt from ad valorem taxation.  However, the governing body of any taxing unit by order or resolution may provide for the taxation of such boats.  By enacting Senate Bill No. 367, the legislature chose the so-called "local option" scheme of taxation in order to enforce uniformity state-wide, while at the same time preserving the right of those taxing units that, all along, have been discovering, listing, and appraising recreational boats to continue doing so.

You ask:

Does the exemption apply to all applicable boats which were already on the tax rolls before the effective date of the statute, or is it only to be applied to boats which would have been on the tax rolls after the effective date of the act?

We conclude that the statutory exemption provisions apply to all boats located in a taxing unit as of January 1, 1987 but only in those taxing units that had not certified their tax rolls as of the effective date of the enactment. Because you do not ask, we do not consider the constitutionality of the statutory amendments to section 11.14 of the Tax Code; we limit our discussion to matters of statutory construction only.[1]

Section 11.14 of the Tax Code was amended by the 70th Legislature to read as follows:

> Sec. 11.14.  HOUSEHOLD GOODS AND PERSONAL EFFECTS.
>
> (a) An individual is entitled to an exemption from taxation of his household goods and personal effects that are not held or used for production of income.
>
> (b)  In this section:
>
> (1) 'Household goods' means furnishings, appliances, utensils, and other tangible personal property used primarily in or around a residence by the residents and their guests.

---

1.  We note that the Bill Analysis for Senate Bill No. 367 indicates that the legislature was concerned about the lack of uniformity in the taxation of personal property in Texas. Accordingly, the House Select Committee on Central Appraisal Districts, which was created in 1985 and charged with the review of certain aspects of local property taxation, recommended that all non-income-producing tangible personal property be exempted from taxation. Therefore, in addition to Senate Bill No. 367, the 70th Legislature passed a proposed constitutional amendment, Senate Joint Resolution No. 12, that authorizes the legislature to exempt from ad valorem taxation all non-income-producing tangible personal property, except mobile homes. The proposed amendment was passed by the voters at the general election in November 1987 and became effective November 3, 1987.

(2) 'Personal effects' means tangible personal property that normally is worn or carried by an individual or that is used by an individual in personal, recreational, or other activities that do not involve production of income. <u>Boats which are owned and used by a family or individual for recreational activities and are not held or used for the production of income are exempt under this section. A family owns a boat for purposes of this section if any member of the family owns the boat</u>.

<u>(3)</u> 'Personal effects' does not include a motor vehicle, boat <u>(other than as described in Subdivision (2) of this subsection)</u>, or other means of transportation, a trailer that must be registered for operation on a highway, or a mobile home or similar vehicle designed for occupancy as a dwelling.

<u>(c) The governing body of a taxing unit by ordinary resolution or order, depending upon the method prescribed by law for official action by that governing body, may provide for taxation of all boats exempted under Subsection (a). If the governing body of a taxing unit provides for taxation of all boats as provided by this subsection, the exemption prescribed by subsection (a) does not apply to that unit</u>.

<u>(d) The central appraisal district for the county shall determine the cost of appraising boats required by a governing body under the provisions of Subsection (c) and shall assess those costs to the taxing unit or taxing units which provide for the taxation of boats</u>. (Amended language underscored.)

In Attorney General Opinion MW-4 (1979), this office considered whether enabling legislation providing certain ad valorem tax exemptions could be made effective as of January 1, the traditional "assessment date" (<u>see</u> Tax Code §21.01), of the year in which the legislation was enacted. The tax exemptions at issue in that opinion constituted the enabling legislation that implemented the so-called "Tax Relief Amendment" that became effective on January 1,

1979. The opinion analyzed various constitutional provisions and concluded that legislation could constitutionally apply to tax liabilities that had not been fixed by levy and assessment as of the statute's effective date.

Article I, section 16, forbids the enactment of retroactive laws, but this prohibition does not extend to all statutes. The legislature may enact retrospective legislation where no impairment of vested rights results. Deacon v. City of Euless, 405 S.W.2d 59, 62 (Tex. 1966); Cox v. Robinson, 150 S.W. 1149 (Tex. 1912); Attorney General Opinions H-634 (1975); H-14 (1973). Where private rights are not involved, the legislature may impose retroactive legislation on political subdivisions. Deacon v. City of Euless, supra at 62; cf. Love v. City of Dallas, 40 S.W.2d 20 (Tex. 1931) (constitution protects property that political subdivision holds in trust for people). The vested rights of taxpayers will not be injured by the grant of tax exemptions effective January 1, 1987, since such a grant creates rather than destroys a right. See Attorney General Opinion M-413 (1969). Although statutes are generally presumed to operate prospectively, they will be given retrospective effect where the legislative intention is clear, and where no impairment of vested rights results. Deacon v. City of Euless, supra at 61; see Gov't Code §311.022 (statute presumed to operate prospectively unless expressly made retrospective).

Other constitutional provisions prohibit the state from applying a tax exemption retrospectively when the tax liability has matured. Article III, section 55, of the Texas Constitution provides as follows:

> The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years.

A delinquent tax is a liability within this provision. State v. Pioneer Oil & Refining Co., 292 S.W. 869 (Tex. Comm'n App. 1927, judgmt adopted). Once a tax becomes a liability, article III, section 55, makes it irrevocable, and the legislature cannot extinguish it by

repealing the statute that enacted it.  <u>See also</u> <u>Sloan   v.</u> <u>Calvert</u>, 497 S.W.2d 125 (Tex. Civ. App. - Austin 1973,   no writ); <u>Smith v. State</u>,   420 S.W.2d 204   (Tex. Civ. App.   - Austin 1967), <u>aff'd</u>, 434 S.W.2d 342 (Tex. 1968);   Attorney General Opinions M-34 (1967); C-200 (1963).   In   addition, article VIII, section 10,   prohibits the legislature   from releasing the   inhabitants of   any county,   city,   or   town from the   payment   of taxes  levied   for state   or   county purposes unless   in case   of great   public calamity.   <u>See</u> <u>Bass v. Aransas County I.S.D.</u>,   389 S.W.2d 165 (Tex.   Civ. App. - Corpus Christi 1965, writ ref'd n.r.e.).

Moreover, a statute that attempts to grant an   exemp-tion with respect to a  tax liability accruing before   its effective date might also violate article III, section 51, of the Texas Constitution.   This provision   prevents   the state from making or authorizing  a grant of public   funds to any individual, association of individuals or   corpora-tion, in the absence of a public purpose or   consideration moving to the state.   <u>State v. City of Austin</u>, 331   S.W.2d 737 (Tex. 1960);   Attorney General   Opinion H-416   (1974). Article III,   section 52,   also prevents   the legislature from authorizing   political subdivisions   to grant   public money to   individuals and   corporations.   In   <u>Morris   v.</u> <u>Calvert</u>, 329 S.W.2d   117 (Tex.   Civ. App.   - Austin   1959, writ   ref'd   n.r.e.),   the   court   held   that   a   statute providing an   inheritance tax   exemption applied   only   to estates of persons dying   after its effective date.   Some statutory language indicated that the legislature intended that the   exemption   become effective   when   the   governor signed the bill, but   the court rejected this   interpreta-tion as raising a   serious question of   constitutionality. An inheritance tax is a   lien upon property from the   date of death, and   reducing it   by a tax   exemption that   sub-sequently became effective would   violate sections 51   and 55 of article III   of the Texas   Constitution. <u>See</u> <u>In   re</u> <u>Voorhees' Estate</u>,   196 A.   365   (N.J. Prerog.   Ct.   1938), <u>aff'd</u>, 3 A.2d 891 (N.J. Sup. Ct. 1939), <u>aff'd</u>, 10 A.2d 650 (N.J. 1940)   (statute retrospectively   exempting taxes   to which state's right   was fixed   makes an   unconstitutional gift of public funds).   <u>See   also</u> <u>In re Skinker</u>, 303   P.2d 745 (Cal. 1956).

In our opinion consequently, sections 51, 52, and   55 of article III will prevent the legislature from   enacting a tax exemption statute applicable to tax liabilities that have already accrued or matured.  Thus, the resolution   of the issue that you raise   will require a determination   of the date   upon which   ad valorem   tax liabilities   accrue, mature, or become fixed.

The Tax Code was enacted in 1979. Under pre-code case law, the validity of an ad valorem tax rested upon levy and assessment. State v. Pioneer Oil & Refining Co., supra; Zglinski v. Hackett, 552 S.W.2d 933 (Tex. Civ. App. - Austin 1977, writ ref'd n.r.e.). In the absence of a valid assessment, there was no liability for the tax within article III, section 55, of the constitution. State v. Pioneer Oil & Refining Co., supra; Clegg v. State, 42 Tex. 605 (1875); Republic Insurance Company v. Highland Park I.S.D. of Dallas County, 57 S.W.2d 627 (Tex. Civ. App. - El Paso 1933, writ ref'd). Article VIII, section 15, and section 32.01 of the Tax Code provide that "[t]he annual assessment made upon landed property shall be a lien thereon." This lien does not exist until assessment is made in accordance with law. State v. Farmer, 59 S.W. 541 (Tex. 1900); Hoge v. Garcia, 296 S.W. 982 (Tex. Civ. App. - San Antonio 1927, writ ref'd); cf. C. B. Carswell & Co. v. Habberzettle, 87 S.W. 911 (Tex. Civ. App. - 1905, no writ) (lien attaches January 1, although the amount of taxes is not determined until sometime subsequent). Of course, once the tax liability is established, the lien becomes effective as of January 1. State of Texas v. Moody's Estate, 156 F.2d 698 (5th Cir. 1946).

The terms "levy" and "assessment" were sometimes used interchangeably. See Kinney v. Zimpleman, 36 Tex. 554, 582 (1872); Amaimo v. Carter, 212 S.W.2d 950, 955 (Tex. Civ. App. - Beaumont 1948, writ ref'd n.r.e.). The term "assess" was thought to include the function of appraising. Attorney General Letter Advisory No. 117 (1976). But with the 1980 amendment to article VIII, section 18, of the Texas Constitution, those activities that comprise the function of "appraising" were, in effect, carved out from the activities comprising the functions of "assessing." Wilson v. Galveston County Central Appraisal District, 713 S.W.2d 98 (Tex. 1986); Attorney General Opinions JM-833 (1987); JM-35 (1983). Under pre-code case law, then, "levy" referred to the legislative act that imposes a tax and fixes its rate. Clegg v. State, supra at 610-611; Amaimo v. Carter, supra; Sussex County v. Jarratt, 106 S.E. 384, 387 (Va. 1921). An order of the commissioners court "that the following tax rates be levied" was held to be a valid tax levy. Victory v. State, 158 S.W.2d 760 (Tex. 1942); see Cranfill Bros. Oil Co. v. State, 54 S.W.2d 813 (Tex. Civ. App. - El Paso 1932, writ ref'd); Attorney General Opinion H-1235 (1978). "Assessment" referred to the administrative process of applying the tax rate to the appraised value of an individual's property and thereby determining the

amount of taxes that he owes.  Clegg v. State, supra; Sussex County v. Jarratt, supra.

The taxpayer's liability was fixed when these two requirements were met: the assessment had been made and there had been a legal levy.  Crocker v. Santo Consolidated I.S.D., 116 S.W.2d 750 (Tex. Civ. App. - Eastland 1938, writ dism'd); Attorney General Opinions C-457 (1965); V-943 (1949) (taxes do not accrue until there has been both an assessment and levy).  Under the Tax Code, the statutory authority to "levy" and "assess," in the context in which Attorney General MW-4 (1979) employed the terms, is set forth now in chapter 26 of the Tax Code.  Accordingly, we conclude that a taxpayer's tax liability is fixed when a taxing unit has performed those requirements provided for in chapter 26 of the code.

In Bass v. Aransas County I.S.D., supra, the court discussed now-repealed article 7345d, V.T.C.S., which authorized the commissioners court to reconsider and adjust current or delinquent assessments.  It stated in dicta that it "would be inclined to hold the act unconstitutional insofar as it authorizes reopening and reconsideration of valid assessments" as violating article III, sections 52 and 53, and article VIII, section 10, of the Texas Constitution.  See also Attorney General Opinions V-1517 (1952); O-6257 (1944) (statute violates article III, section 55, and article VIII, section 10); O-930 (1939).  Analogously, we conclude that the legislature constitutionally may provide tax exemptions from the 1987 tax year's taxes if the amending legislation became effective before ad valorem tax liabilities were fixed by chapter 26 of the Tax Code.  However, any such legislation constitutionally may not apply the tax exemptions to tax liabilities that have been fixed by chapter 26 of the Tax Code prior to the effective date of the amending legislation, because the taxpayer would receive thereby a gift of public funds and remission of taxes in violation of article III, sections 51, 52, and 55, and article VIII, section 10, of the Texas Constitution.

As we noted earlier, the amendments to section 11.14 of the Tax Code do not indicate any intention on the part of the legislature that the statute apply either in the event that Senate Joint Resolution 12 is adopted or retrospectively to January 1, 1987.  Yet, in this instance no indication of any such intention is necessary.  The effective date of the statutory amendments was May 26, 1987.  By statute as of that date, all recreational boats were exempt from ad valorem taxation, regardless of

whether they were then listed on the appraisal rolls. Because tax liability is fixed not when property is listed on the appraisal rolls but when the assessment procedures set out in chapter 26 of the Tax Code have been completed, the legislation is effective in those taxing units in which tax liability has not been fixed. Accordingly, we conclude that the statutory amendments to section 11.14 of the Tax Code, which provide for a so-called "local option" exemption from ad valorem taxation for non-income-producing recreational boats, applies to all boats in a taxing unit that had not certified its tax rolls as of the effective date of the enactment.

## S U M M A R Y

The statutory amendments to section 11.14 of the Tax Code, which provide for a so-called "local option" exemption from ad valorem taxation for non-income-producing boats, apply to all boats in a taxing unit that had not certified its tax rolls as of the effective date of the enactment.

Very truly yours

JIM   MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General