**Edward L. and Willie Mae DOBBINS, Appellants,**

v.

**Elijha and Zennie CORUTHERS, Appellees.**

No. 01–93–00232–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 14, 1993.

Joe G. Fender, Houston, for appellants.

Donald Dewberry, Houston, for appellees.

Before COHEN, MIRABAL and HEDGES, JJ.

## OPINION

HEDGES, Justice.

Appellants, Edward Dobbins and his wife, Willie Mae, appeal a take-nothing judgment in a suit for breach of warranty arising from a special warranty deed. We affirm.

Appellants were record owners of their residence (the property) from 1956 to early 1985. To avoid foreclosure in early 1985, they obtained $6,334.76 from appellees and retired a delinquent indebtedness against the property. Appellants executed a general warranty deed (the 1985 Deed) conveying title to the property to appellees as a condition precedent to receipt of the funds. The parties agreed that appellants would pay appellees $255.04 per month for 36 months.

For reasons unclear in the record, appellees refused payments after December 31, 1986, and began proceedings to evict appellants from the property on which appellants had continued to reside. In March 1987, appellants filed suit (the 1987 suit) to enjoin appellees' eviction proceedings and to set aside the 1985 deed. In January 1991, the parties settled the lawsuit, and the court entered an agreed judgment. In compliance with the terms of that agreed judgment, appellees executed and delivered a special warranty deed (the 1991 Deed) reconveying record title to the property to appellants, and appellants executed a promissory note for $5,000, secured by a deed of trust, in favor of appellees.

During the pendency of the 1987 suit, property taxes for 1990 accrued and became delinquent. Appellants assert that appellees breached the 1991 Deed's warranty that the property was free of encumbrances, i.e., delinquent taxes. In the current action, appellants seek damages for breach of warranty and statutory attorneys' fees. Appellants' underlying premise, that because appellees owned the property in 1990 they are responsible for the 1990 taxes, is directly contrary to their position in the 1987 suit, that the 1985 Deed was merely a mortgage, not a conveyance of ownership.

This appeal challenges the take-nothing judgment in the current suit. In six points of error, appellants challenge the legal sufficiency of the evidence to support the take-nothing judgment and the denial of attorneys' fees. They further challenge the legal and factual sufficiency of the evidence to support certain findings of fact and conclusions of law of the trial court.

■ In point of error two, appellants contend that the trial court erred in concluding that the property was in the name of appellants with a mortgage in favor of appellees because "title to the property was in [appellees' name] at the time of the judgment and there was no mortgage then existing." This finding is essential to the resolution of the parties' dispute, because the owner of the property in 1990 is the party responsible for the taxes for that year. *Smart v. Tower Land & Inv. Co.,* 582 S.W.2d 543 (Tex.Civ. App.—Dallas 1979), *rev'd on other grounds,*

597 S.W.2d 333 (Tex.1980). We hold that through their judicial admissions, appellants waived any challenge to a finding that they owned the property in 1990.

A judicial admission is a statement by a party usually found in a pleading or stipulation that accedes to the level of formal waiver of proof of the facts stated. *Hennigan v. I.P. Petroleum Co., Inc.*, 858 S.W.2d 371, 372 (June 30, 1993). Underpinning this rule is the public policy abhorring recovery by a party "after he has sworn himself out of court by clear, unequivocal testimony." *Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex.1980). A declaration contrary to a party's position will be treated as a judicial admission if the following conditions are met:

> (1) That the declaration relied upon was made during the course of a judicial proceeding....
>
> (2) That the statement is contrary to an essential fact embraced in the theory of recovery or defense asserted by the person giving the testimony....
>
> (3) That the statement is deliberate, clear, and unequivocal. The hypothesis of mere mistake or slip of the tongue must be eliminated....
>
> (4) That the giving of conclusive effect to the declaration will be consistent with the public policy upon which the rule is based.
>
> (5) That the statement is not also destructive of the opposing party's theory of recovery....

*Id.* (citing *United States Fidelity & Guar. Co. v. Carr*, 242 S.W.2d 224, 229 (Tex.Civ. App.—San Antonio 1951, pet. ref'd) (emphasis in original omitted)).

In the current suit, appellants testified that the deed given to appellees was never intended to convey title to appellees but was actually security for a loan or a mortgage. Mr. Dobbins stated under oath, "I owned the property. I wasn't intended for them to have that property at no time." During redirect examination, Mr. Dobbins testified:

> [Plaintiff counsel]: But you gave them a General Warranty deed to the property in 1985; is that correct?
>
> [Plaintiff]: That is correct, I did.

> [Plaintiff counsel]: And, as you testified, you thought you were giving that to secure repayment of a loan?
>
> [Plaintiff]: Right.
>
> ....
>
> [THE COURT]: ... Mr. Dobbins, let me ask you a couple questions. I realize that you and Mr. and Mrs. Coruthers have known each other for many years.
>
> [Plaintiff]: Yes, ma'am.
>
> ....
>
> [THE COURT]: And Mr. and Mrs. Coruthers helped you out when you had some problems?
>
> [Plaintiff]: They did.
>
> [THE COURT]: When you brought this other lawsuit to set aside the deed, you brought another lawsuit to set aside any claim that they might have to title to that land?
>
> [Plaintiff]: I want to make sure I answer you right.
>
> ....
>
> [THE COURT]: There was another lawsuit. There was a different lawsuit where you wanted to set aside any claim that they had to the land. And as a result of that lawsuit, all of you agreed that the land would go back to you?
>
> [Plaintiff]: Yes ma'am.
>
> [THE COURT]: And your claim then and your claim now is that you have always owned the land?
>
> [Plaintiff]: Yes ma'am.
>
> [THE COURT]: Okay. And that is. What I believe to be your understanding?
>
> [Plaintiff]: Yes, ma'am.

This testimony meets all five criteria set forth in *Mendoza* and *Carr* to establish a judicial admission of appellants' continuous ownership. Any assertion to the contrary by appellants is precluded. We overrule point of error two.

We summarily dispose of appellants' claim of entitlement to attorneys' fees in point of error six. An award of attorneys' fees is proper under TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986) only if the requesting party prevails.

We overrule point of error six.

Because our holding on point of error two is dispositive of the other liability issues and we summarily disposed of point of error six, we need not address points of error one, three, four, and five.

We affirm the judgment of the trial court.