**The STATE OF CHIAPAS, A State of the United Mexican States, Appellant,**

v.

**QUAESTOR INVESTMENTS, INC., Appellee.**

No. 01–96–01285–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 16, 1998.

Thomas M. Ferrell, Houston, for Appellant.

Carlos A. Reyerson, William R. Burke, Jr., Houston, for Appellee.

Before COHEN, WILSON and NUCHIA, JJ.

### OPINION

WILSON, Justice.

Appellant, the State of Chiapas, a State of the United Mexican States (Chiapas), appeals from a default judgment entered against it in favor of appellee, Quaestor Investments, Inc. (Quaestor). We reverse and remand.

### *FACTUAL BACKGROUND*

In the mid–1980s, Quaestor (a Texas corporation) purchased coffee from various coffee-producing cooperatives, known as the "Ejidos," located in Chiapas. Over time, the business relationship disintegrated, and Quaestor sued the Ejidos and others in November 1986. The Ejidos did not answer, and the court granted a default judgment in favor of Quaestor for $15,850,684.50, plus interest.

In March 1994, Quaestor sued Chiapas, alleging, under Texas law, that Chiapas engaged in common-law fraud and conspiracy to prevent Quaestor from executing the default judgment on the Ejidos' assets. Quaestor alleged damages in excess of $24 million. Chiapas did not answer this lawsuit. In April 1995, the court granted a default judgment in Quaestor's favor in the principal amount of $15,580,684.50, plus prejudgment interest in the amount of $16,009,954.42. In May 1995, Quaestor began proceedings to collect on its judgment.

In October 1995, Chiapas removed the lawsuit to federal court. The federal court remanded the case, and Chiapas appealed the remand order to the Fifth Circuit Court of Appeals, which dismissed the appeal. Chiapas then filed its writ of error with this Court.

In five points of error, Chiapas asserts that: (1) it was not properly served with process or with the default judgment, (2) it is immune from suit, (3) the court improperly granted default judgment without evidence to support Quaestor's claim, (4) Chiapas does not have sufficient minimum contacts with Texas or the United States to allow for the exercise of personal jurisdiction consistent with due process, and (5) the trial court erred in granting default judgment because the judgment violates the act of state doctrine.

### SERVICE OF PROCESS

■ When a default judgment is directly attacked by means of writ of error, the rules regarding the issuance, service, and return of process are mandatory, and failure to affirmatively show strict compliance with those rules will render the attempted service of process invalid. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965); *Whiskeman v. Lama*, 847 S.W.2d 327, 328–29 (Tex.App.—El Paso 1993, no writ); *Boreham v. Hartsell*, 826 S.W.2d 193, 195, 197 (Tex.App.—Dallas 1992, no writ).

■ In point of error one, Chiapas contends that service of process on it failed to meet the requirements of both the Texas long-arm statute and the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C.A. §§ 1330, 1332(a)(2)-(4), 1391(f) (West 1993), 1441(d), 1602–1611 (West 1994). We address whether Chiapas was properly served under the FSIA because that issue is dispositive of this appeal.

Section 1608 of the FSIA provides the methods by which a foreign entity may be served with process. 28 U.S.C.A. § 1608 (West 1994). Chiapas classifies itself as a "foreign state or political subdivision of a foreign state" under the FSIA, and asserts that section 1608(a) provides the exclusive methods by which it can be served in a state court action. On the other hand, Quaestor alleges that Chiapas is an "agency or instrumentality" of Mexico, and section 1608(b) applies. The distinction between the two entities is important in determining whether service upon Chiapas under the FSIA was proper because section 1608 imposes different requirements for serving process on each. 28 U.S.C.A. § 1608(a), (b) (West 1994); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151 (D.C.Cir.1994); *Hyatt Corp. v. Stanton*, 945 F.Supp. 675, 680 (S.D.N.Y.1996); *Hester Int'l Corp. v. The Federal Republic of Nigeria*, 681 F.Supp. 371, 376 (N.D.Miss.1988), aff'd, 879 F.2d 170 (5th Cir.1989).

We need not decide this issue because Quaestor's petition identifies Chiapas as "a state in, and political subdivision of, the United Mexican States" and repeatedly refers to the "Government of Chiapas." We hold that through this judicial admission, Quaestor waived any challenge to a finding that Chiapas is a "foreign state or political subdivision of a foreign state." *Hennigan v. I.P. Petroleum Co., Inc.*, 858 S.W.2d 371, 372 (1993) (a judicial admission is a statement by a party usually found in a pleading or stipulation that rises to the level of formal waiver of proof of the facts stated); *Dobbins v. Coruthers*, 864 S.W.2d 754, 756 (Tex.App.—Houston [1st Dist.] 1993, no writ). Accordingly, Chiapas was subject to service of process pursuant to 28 U.S.C.A. § 1608(a).

Neither Chiapas nor Quaestor assert that a special arrangement for service existed between them, pursuant to 28 U.S.C.A. § 1608(a)(1). Section 1608(a)(2) allows for

service in accordance with an applicable international convention on service of judicial documents. 28 U.S.C.A. § 1608(a)(2). Quaestor's petition requested the Texas Secretary of State to deliver a copy of the summons and complaint in accordance with the Inter–American Treaty for Service of Process. On appeal, Quaestor does not assert that service under this treaty was proper perfected. Section 1608(a)(3) provides for service "by sending a copy of the summons and complaint and a notice of suit, *together with a translation of each into the official language of the foreign state,* by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned...." 28 U.S.C.A. § 1608(a)(3) (emphasis added). Nothing in the record shows such service. Chiapas asserts, and Quaestor does not deny, that Quaestor did not serve Chiapas with a Spanish version of the complaint.

Quaestor did not perfect service of process on Chiapas because it did not strictly comply with 28 U.S.C.A. § 1608(a)(3). *See Transaero,* 30 F.3d at 154 (requiring strict compliance with 1608(a)); *Gerritsen v. Consulado General de Mexico,* 989 F.2d 340, 345 (9th Cir.1993) (service not perfected where plaintiff sent only English language version of complaint); *Familia de Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1138 (5th Cir. 1980) (burden on plaintiff to establish jurisdiction).

We sustain point of error one as to service of process under the FSIA.

Because we sustain point of error one, we do not reach Chiapas's remaining points of error.

Chiapas has filed a motion to strike certain exhibits submitted by Quaestor pursuant to a motion to take judicial notice. We deny both motions as moot.

We reverse the trial court's judgment and remand the cause.