QUAESTOR INVESTMENTS, INC., Petitioner,

v.

STATE OF CHIAPAS, a State of the United Mexican States, Respondent

No. 98–0835.

Supreme Court of Texas.

July 1, 1999.

Rehearing Overruled Aug. 26, 1999.

William R. Burke, Carlos A. Ryerson, Houston, for Petitioner.

Thomas M. Farrell, Ann Elizabeth Kitzmiller, Solace Kirklan Southwick, Houston, for Respondent.

PER CURIAM.

With fourteen days remaining in its six-month window to appeal a default judgment by writ of error, the State of Chiapas removed this case to federal district court. The federal district court remanded to state district court pursuant to 28 U.S.C. § 1447(c). Approximately eight months later, Chiapas filed its petition for writ of error. Quaestor Investments, Inc., moved to dismiss for want of jurisdiction, arguing that the petition for review was not timely filed. Thus, the question in this case is when did the appellate timetable recommence after remand? The court of appeals held that the timetable did not recommence until the party seeking remand had given notice to the other party in the case. 982 S.W.2d 144. We disagree and hold that the appellate timetable recommences upon the revesting of jurisdiction in the state court, which occurs when the federal district court executes the remand order and mails a certified copy of the remand order to the state court. We conclude in this case that the State of Chiapas failed to file its petition for writ of error within the time frame provided by the Texas Rules of Appellate Procedure, and accordingly vacate the judgment of the court of appeals and dismiss the appeal.

During the mid–1980s, Quaestor Investments, Inc., a Texas corporation, purchased coffee from cooperatives located in the State of Chiapas, a State of the United Mexican States. After conflicts in their business relationship, Quaestor sued the cooperatives in a Texas district court in 1986. The cooperatives did not answer, and the court granted a default judgment for Quaestor.

In March 1994, Quaestor sued the State of Chiapas, alleging fraud and conspiracy to prevent Quaestor from executing the default judgment on the cooperatives' assets. Chiapas did not answer. On April 19, 1995, the court granted a default judgment for Quaestor, and in May 1995, Quaestor began proceedings to collect on its judgment.

On October 5, 1995, Chiapas removed the lawsuit to federal court pursuant to 28 U.S.C. § 1441(d). The federal district court ruled that the removal was untimely and on December 28, 1995, remanded the case to state court pursuant to 28 U.S.C. § 1447(c). On February 2, 1996, Chiapas appealed the remand order to the United States Court of Appeals for the Fifth Circuit, which dismissed the appeal for want of jurisdiction on August 16, 1996.

On August 29, 1996, Chiapas filed a petition for writ of error to the court of appeals.[1] Quaestor moved the court to dismiss Chiapas's petition for writ of error as untimely. The court of appeals overruled Quaestor's motion to dismiss and later reversed the default judgment and remanded the case to the trial court. 982 S.W.2d at 146. Quaestor petitioned for review of the court of appeals' judgment, complaining about the denial of its motion to dismiss.

The four elements necessary for review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985). The six-month time limit is mandatory and jurisdictional. *See Linton v. Smith*, 137 Tex. 479, 154 S.W.2d 643, 645 (1941).

Quaestor does not contest that filing the removal suspended the appellate timetable. And Chiapas acknowledges that when

---

[1]. This case concerns a writ of error appeal filed in 1996 under rule 45 of the former Rules of Appellate Procedure. *See* Tᴇx.R.Aᴘᴘ. P. 45, 49 Tex. B.J. 570 (Tex.1986, superseded 1997). Restricted appeals replace writ of error appeals under the new Rules of Appellate Procedure. *See* Tᴇx R.Aᴘᴘ. P. 30.

it removed the case to federal court on October 5, 1995, it had fourteen days left to file its petition for writ of error. Thus, the only issue presented is when the appellate timetable began to run again.

Quaestor argues that the timetable recommenced when the federal district court entered its remand order (December 28, 1995) or when the state court acknowledged receipt of the remand order (January 10, 1996). Chiapas responds that the timetable recommenced when the Fifth Circuit dismissed the appeal of the remand order (August 16, 1996) or when Chiapas mailed a copy of the remand order to the state district clerk (September 6, 1996). Either of Chiapas' dates would make its August 29, 1996 writ of error appeal timely while either of Quaestor's dates would make the appeal untimely.

The court of appeals determined that the state court reacquired jurisdiction on the date the federal court clerk mailed a certified copy of the remand order to the state court clerk. The court further concluded that when the appellate timetable recommenced was determined not by the revesting of jurisdiction, but rather depended upon the procedural implications of that revesting under Texas law. The court looked to Texas procedural rules for its answer: (1) Rule of Civil Procedure 237a, which provides that a defendant need not answer in a remanded case until fifteen days after the plaintiff files the remand order with the state court and gives written notice of the filing to the adverse parties' attorneys; and (2) current Rule of Appellate Procedure 8, which provides that affirmative action is required by a party or the court to reinstate an appeal stayed by a bankruptcy proceeding. Concluding that these rules require affirmative action before procedural timetables restart, the court similarly determined that the appellate timetable should not recommence until the party seeking remand acts affirmatively by giving notice to the other party. While we agree with the court of appeals' determination of when state court jurisdic-

tion revested, we disagree that we must look any further than that date to determine when the timetable for filing a writ of error appeal began to run again.

■■■■ Remanding a case to state court terminates the jurisdiction of a federal district court over that case. *See Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 (3d Cir.1992); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir.1984). There is no requirement that the state court take any action (*e.g.*, entering the order in the state court docket) to reassert jurisdiction. *See Mathewson v. Aloha Airlines, Inc.*, 82 Hawai'i 57, 919 P.2d 969, 985–86 (1996). In answering the question of when a jurisdictional transfer occurs between federal and state court, most courts, including the court of appeals in this case, have looked to 28 U.S.C. § 1447(c), which provides, in part, that: "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." These courts have interpreted this language to mean that the federal court loses jurisdiction once the federal court clerk has mailed a certified copy of the remand order to the state court clerk. *See McClelland v. Gronwaldt*, 155 F.3d 507, 513 & n. 15 (5th Cir.1998); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir.1995); *Hunt*, 961 F.2d at 1081; *see also Seedman v. United States Dist. Court*, 837 F.2d 413, 414 (9th Cir.1988); *Browning*, 743 F.2d at 1078; *Federal Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979). *But see In re Lowe*, 102 F.3d 731, 735 (4th Cir.1996) (holding that jurisdiction returns to the state court when the district court enters the remand order); *New Mexico ex rel. Village of Los Ranchos De Albuquerque v. City of Albuquerque*, 119 N.M. 169, 889 P.2d 204, 206–07 (App.1993) (same).

In *McCandless*, the Third Circuit Court of Appeals explained the rationale behind the general rule. Looking to the language of section 1447(c), as well as section 1447(d), which makes section 1447(c) re-

mands unappealable, the court recognized the need for a "determinable jurisdictional event after which the state court can exercise control over the case without further fear of further federal interference." *Id.* at 225. The court then identified the mailing of the certified copy of the remand order as the "key jurisdictional event," because a remand order is not self-executing. *Id.*

We agree with the Third Circuit's reasoning, and following the majority rule as did the court of appeals, we hold that jurisdiction revests in the state court when the federal district court executes the remand order and mails a certified copy to the state court. To the extent that earlier Texas court of appeals cases indicate that jurisdiction revests when the federal court executes the remand order, we disapprove of that language. *See Brogdon v. Ruddell*, 717 S.W.2d 675, 677 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.); *Reimer v. Scott*, 666 S.W.2d 384, 385 (Tex.App.—Houston [14th Dist] 1984, writ dism'd); *Brown v. State Farm Mut. Auto. Ins. Co.*, 449 S.W.2d 93, 96 (Tex.Civ.App.—Fort Worth 1969, no writ).

■ We are further persuaded that nothing more is required to recommence the appellate timetable than the state court's reacquiring jurisdiction over a case. Just as the filing of the removal suspends the appellate timetable, the completed remand begins it again. No Texas procedural rule imposes a notice requirement under these circumstances. The court of appeals erred when it inferred from civil procedure rule 237a and appellate rule 8 that any further affirmative action was needed.

In support of its motion to dismiss, Quaestor provided a certified copy of the federal court docket sheet in this case. The docket sheet indicates that the remand order was signed and mailed on December 28, 1995. Therefore, jurisdiction revested in the state court and the appellate timetable recommenced on that day. The time for appealing by writ of error appeal expired fourteen days later on January 11, 1996. Because the State of Chiapas did not file its writ of error appeal until August 29, 1996, the court of appeals did not have jurisdiction to hear the appeal. Accordingly, without hearing oral argument, the Court grants Quaestor's petition for review, vacates the judgment of the court of appeals, and dismisses the appeal. *See* Tex.R.App. P. 59.1.