Affirmed and Memorandum Opinion filed August 28, 2003

















Affirmed and
Memorandum Opinion filed August 28, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-02-00584-CV

____________

 

DOV AVNI KAMINETZKY A/K/A DOV AVNI, Appellant

 

V.

 

HOUSTON INDEPENDENT SCHOOL DISTRICT, 

HARRIS COUNTY
EDUCATION DISTRICT, CITY OF HOUSTON AND HARRIS COUNTY, Appellees

 

____________________________________________________________________

 

On Appeal from
the 61st District Court

Harris County, Texas

Trial Court
Cause No. 92-52027

 

____________________________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            In this
restricted appeal, Dov Avni
Kaminetzky a/k/a Dov Avni contends that the trial court erred when it vacated a
tax lien and foreclosure judgment against his property, reinstated the
underlying lawsuit, and then dismissed the underlying lawsuit without
prejudice, therefore permitting appellees to refile the suit.  We
affirm.




 








Factual and Procedure Background

            In 1992, the Houston Independent
School District (“HISD”), joined by Harris County and the State of Texas,
brought suit against appellant to collect unpaid property taxes.  Appellant was served with citation at 150
 Forest Drive, Jericho, New York and filed
a general denial through counsel. 
However, appellant failed to appear for trial, and accordingly, judgment
was entered against him in 1994 for back taxes, penalties, interest, costs,
attorneys fees, and foreclosure of the tax lien on the subject property.

            Seven years later, in September of
2001, HISD and the other taxing entities filed a petition under Section 33.56
of the Texas Tax Code to vacate the 1994 judgment due to deficiencies in the
property description.  After a hearing in
October of 2001, the tax master recommended that the judgment be vacated and
the lawsuit dismissed.  Thereupon, on November 5, 2001, the trial
court entered an order vacating the 1994 judgment, reinstating the underlying
tax deficiency lawsuit, and, at the request of appellees,
dismissing the reinstated lawsuit without prejudice.  On May 6, 2002, appellant filed a notice of restricted appeal from
the November 5, 2001
order.  In three points of error, appellant
complains the trial court failed to comply with Texas Rule of Civil Procedure
165a[1] by
not providing him with notice of its intent to dismiss the reinstated lawsuit
for want of prosecution or holding a hearing before the dismissal.  Appellant also challenges the trial court’s
failure to find abandonment under Texas Rule of Civil Procedure 165.

Restricted Appeal

            Appellant has filed a restricted
appeal.  A restricted appeal (1) must be
brought within six months of the date of judgment; (2) by a party to the suit;
(3) who did not participate in the hearing that resulted in the judgment
complained of and who did not file a timely post-judgment motion; and (4) the
error must be apparent from the face of the record. Tex. R.  

 class=Section3>

App. P. 30; Quaestor Invs., Inc. v. State of Chiapas, 997
S.W.2d 226, 227 (Tex. 1999) (per
curiam). 
Review by restricted appeal entitles the appellant to the same scope of
appeal as an ordinary appeal,  except the
error must appear on the face of the record. 
Tex. R.  App. P. 30; Quaestor Invs., 997 S.W.2d at 227–28.  For purposes of a restricted appeal, the
record consists of all documents on file with the trial court at the time of judgment.  See
Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per
curiam).  Here,
we are called upon to decide whether appellant has shown error apparent on the
face of the record.

Vacating and Dismissal of the Lawsuit

            In his
first and second issues, appellant contends the record shows the trial court
erred in not giving him notice of its intent to dismiss the lawsuit for want of
prosecution and in failing to hold a hearing prior to dismissal as required by
Texas Rules of Civil Procedure 165a.  These arguments are without merit because
Rule 165a was not involved in the trial court’s November 5, 2001 order.  Instead, the taxing entities sought to avail
themselves of Section 33.56 of the Tax Code, which provides a specific
statutory procedure for vacating delinquent tax and foreclosure judgments and
reinstating the underlying tax deficiency suit. 
Section 33.56 places no time limits on seeking an order vacating the
judgment.  Barua v. County of Dallas, 100 S.W.3d 629, 635 (Tex. App.—Texarkana
2003, pet. denied).  Rule 165a, on the
other hand, provides a procedure for a trial court to dismiss a lawsuit for
want of prosecution, which was not the basis of the trial court’s order.

            Under Texas Rule of Civil Procedure
162, a party may dismiss its lawsuit prior to trial, without prejudice to any
affirmative relief sought by an adverse party.  Here, the judgment was vacated and the tax
deficiency suit reinstated under Section 33.56(f).  Tex.
Tax Code § 33.56(f).  It is
undisputed that appellant had no claims for affirmative relief on file prior to
entry of the 1994 judgment.  Upon
reinstatement of the tax deficiency lawsuit, appellees
had the right to dismiss their lawsuit pursuant to Rule 162.  The trial court did not err in failing to
follow the dismissal procedures of Rule 165a, as appellees’
lawsuit was not dismissed for want of prosecution. Tex. R. Civ. P. 165a.

Notice

            Appellant contends he had no notice
of the petition and hearing to reinstate, vacate, and dismiss the tax
deficiency lawsuit against him.  However,
his argument relies on facts outside the record and does not constitute error
apparent on the face of the record. 
Section 33.56(e) of the Tax Code requires that the petition to vacate be
served on each party to the underlying tax suit pursuant to Rule 21a of the
Texas Rules of Civil Procedure.  Under
Rule 21a, notice may be served on a party at his last known address.  The certificates of service on the petition
and notice of hearing show that on September 21, 2001, appellant was served
with the petition and notice pursuant to Rule 21a at 150 Forest Drive, Jericho,
New York, the address at which appellant was originally served with the
citation in 1992.  No other last known
address for appellant is shown by the record as of November 5, 2001.  In an effort to show lack of notice,
appellant attached to his brief a copy of a warranty deed dated July 12, 1990,
reflecting his mailing address as 7106 Corta Calle in Houston, Texas. 
In a restricted appeal, the “face of the record” consists of papers on
file with the trial court at the time it rendered judgment.  Gen.
Elec. Co. v. Falcon Ridge Apts., 811 S.W.2d 942, 944 (Tex.
1991).  Accordingly, an appellate court
may not consider evidence in a restricted appeal unless it was before the trial
court when judgment was rendered.  The
warranty deed does not appear in the record and cannot be considered on
appeal.  Even so, the document in and of
itself would not establish lack of notice under Rule 21a.  Appellant was served with the 1992 tax
deficiency lawsuit at the 150
 Forest Drive address, which stands as his last
known address in the record as of the November 2001 order.  Appellant has not shown any error apparent on
the face of the record, and therefore his first and second issues are
overruled.

 

Abandonment

            In his third and final issue,
appellant alleges error by the trial court in failing to find abandonment under
Texas Rule of Civil Procedure 165. 
Nothing in the record reveals any request by appellant for such a
finding, and appellant cites no authority obligating the trial court to do so sua sponte.  Although appellant suggests this Court on
appeal may find appellees abandoned their claim to
back taxes for tax years 1987–1993 as a matter of law, appellant cites no
supporting authority for such argument. 
We find no error, and overrule the third issue. 

Conclusion

            For the foregoing reasons, the
judgment of the trial court is affirmed. 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed August 28, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 

 











            [1]  Although appellant cites “Rule 166a,” it is
clear from the context of his argument he is referring to Rule 165a, Texas
Rules of Civil Procedure, regarding dismissal for want of prosecution.