Criminal Case Template











 COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


OLD REPUBLIC INSURANCE
COMPANY,


 Appellant,


v.


MARIA A. ESTRADA,


 Appellee.

§


§


§


§


§

No. 08-02-00349-CV


Appeal from the


327th Judicial District Court


of El Paso County, Texas


(TC# 2001-3701)


M E M O R A N D U M O P I N I O N


 This is a restricted appeal in which Appellant, Old Republic Insurance Company seeks
to set aside the default judgment entered against it. For the reasons stated, we reverse and
remand.

I. SUMMARY OF THE EVIDENCE


 Appellee, Maria A. Estrada, was inured and filed a worker's compensation claim on
January 4, 1996. On June 14, 2001, the Texas Workers' Compensation Commission
("TWCC"), Hearings Division, rendered its decision and order between the parties, Maria
Estrada and "ACE USA/Old Republic." On August 23, 2001, the TWCC Appeals Panel
affirmed the decision. On October 2, 2001, Appellee filed suit in district court seeking
review of the Appeals Panel's decision. The original petition lists the defendant as "ACE
USA/Old Republic Insurance Company." Service of process was served on "ACE USA/Old
Republic Insurance Company" in care of Prentice-Hall Corporation Systems, Inc. on October
27, 2001. On October 26, 2001, the trial court entered its Notice of Intent to Dismiss because
service had not been accomplished. The trial court noted that the case would be dismissed
for want of prosecution unless service was accomplished by January 10, 2002. 

 On November 8, 2001, Appellee filed her First Amended Petition in which she named
"Old Republic Insurance Company" as the defendant. On January 24, 2003, the trial court
entered a default judgment in favor of Appellee because Appellant failed to appear and
answer. Appellee's Motion to Modify the Judgment was stamped "received" on February
12, 2002, but was not file stamped by the district clerk's office until April 15, 2002. We note
that the Order on Plaintiff's Motion to Modify the Judgment was signed on February 12,
2002, but was not file stamped until April 15, 2002. The trial court also signed its Modified
Judgment on February 12, 2002, but it also was not file stamped until April 15, 2002. A
second Modified Judgment was signed April 15, 2002 and file stamped on April 16, 2002. 
On May 14, 2002, Appellant filed its Motion for New Trial in which it argued it did not
receive proper notice of the suit. The trial court granted Appellant's Motion for New Trial
on July 15, 2002. On August 9, 2002, Appellant filed its Notice of Restricted Appeal. 

II. DISCUSSION


 Appellant presents three issues attacking the granting of the default judgment. A
restricted appeal (1) must be brought within six months of the date of judgment; (2) by a
party to the suit; (3) who did not participate in the hearing that resulted in the judgment
complained of and who did not file a timely post-judgment motion; and (4) the error must be
apparent from the face of the record. Tex. R. App. P. 30; Quaestor Invs., Inc. v. State of
Chiapas, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam). Review by restricted appeal entitles
the Appellant to the same scope of appeal as an ordinary appeal, except the error must appear
on the face of the record. Tex. R. App. P. 30; Quaestor Invs., 997 S.W.2d at 227-28. For
purposes of a restricted appeal, the record consists of all documents on file with the trial
court at the time of judgment. Norman Communications v. Texas Eastman Co., 955 S.W.2d
269, 270 (Tex. 1997) (per curiam).

 In Issue No. One, Appellant argues that the trial court did not have plenary power to
enter the April 15, 2002 default judgment and that said judgment and all subsequent actions
by the trial court are void, constituting error apparent from the face of the record. We agree.

 The trial court's plenary power over the judgment and the appellate deadlines are
calculated from the date the final judgment is signed. Tex. R. Civ. P. 329b. A trial court has
plenary power over its judgment for a minimum of thirty days after it signs a final judgment.
Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 310 (Tex.2000). A timely
filed Rule 329b motion for new trial or motion to modify, correct, or reform the judgment
or a post-judgment motion seeking a substantive change to an existing judgment, which
qualifies as a motion to modify, correct or reform the judgment under Rule 329b(g), are the
only means by which a party may extend the appellate timetables and the trial court's plenary
power over its judgment. Id. at 313-14. If one of these motions is filed, the trial court's
plenary power lasts until thirty days after the motion is overruled either by written order or
by operation of law, whichever occurs first. Tex. R. Civ. P. 329b(e). Judicial action taken
after a trial court's jurisdiction over a cause has expired is a nullity. State ex rel. Latty v.
Owens, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). 

 The trial court signed and entered the original default judgment on January 24, 2003. 
Appellee's Motion to Modify the Judgment was due on or before February 23, 2002. (1)
 As
noted previously, Appellee's Motion to Modify the Judgment was stamped "received" on
February 12, 2002, but was not file stamped by the district clerk's office until April 15, 2002. 
However, the Order on Plaintiff's Motion to Modify the Judgment was signed on February
12, 2002, so we can assume the trial court had Appellee's Motion to Modify before it prior
to the April 15, 2002 file stamped date. The trial court also signed its Modified Judgment
on February 12, 2002, well within its plenary power. 

 A second Modified Judgment was signed April 15, 2002. This judgment was entered
after the trial court's plenary power expired. Because no motions were filed between
February 12, 2002 and March 14, 2002, the trial court's plenary power expired thirty (30)
days after signing the modified judgment on February 12, 2002. Tex. R. Civ. P. 329b(d).
Therefore, the April 15, 2002 Modified Judgment and all subsequent actions by the trial court
are void. Appellant has demonstrated error on the face of the record, the fourth prong of the
requirements for bringing a restricted appeal. Tex. R. App. P. 30. We will now address the
remaining prongs.

 The trial court signed the Modified Judgment on February 12, 2002. Appellant filed
its notice of appeal on August 9, 2002, within the six months prescribed by the rule. Tex.
R. App. P. 30. Appellant amended her petition on November 8, 2001, naming "Old Republic
Insurance Company" as the defendant. The trial court's modified judgment names "Old
Republic Insurance Company" as the defendant, too. Thus, Appellant is a party to the suit
as required by the rule. Tex. R. App. P. 30. Appellant did not participate in the hearing that
resulted in the judgment complained of. While Appellant did file a Motion for New Trial,
which was granted by the trial court, such actions were taken after the trial court's plenary
power expired and were therefore void. 

 Finding that Appellant has met the requirements of a restricted appeal, we sustain
Issue No. One. (2) Accordingly, we reverse the judgment of the trial court and remand the case. 

March 31, 2004


 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

(Larsen, J. not participating)
1. We note that February 23, 2002 was a Saturday. Thus, the motion to modify would have been timely if
filed on the following Monday, February 25, 2002. See Tex. R. Civ. P. 4 (stating that the last day is counted unless it
falls on a weekend or holiday, in which case, the next day which is not a Saturday, Sunday, or holiday is counted).


2. Given our disposition of Issue No. One, we need not address Appellant's remaining issues.