# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00737-CV

**Plus SMS Holdings Limited; North America CRE8, Inc.; CRE8 Limited; Carlos Pullas; Julio Castellon; Chris Horn; Robert Hunter and Clive Thomas, Appellants**

**v.**

**Christopher Tiensch, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-08-003841, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On December 2, 2008, appellants Plus SMS Holdings Limited; North America CRE8, Inc.; CRE8 Limited; Carlos Pullas; Julio Castellon; Chris Horn; Robert Hunter and Clive Thomas filed their notice of interlocutory appeal of the trial court's order granting a temporary injunction in favor of appellee Christopher Tiensch. On April 27, 2009, appellee filed a motion to remand the cause to the trial court for a hearing on appellants' alleged violations of the temporary-injunction order. On April 30, appellants provided this Court with notice that the lawsuit underlying the appeal had been removed to the United States District Court for the Western District of Texas, Austin Division. Appellants thereafter filed a motion to dismiss appellee's motion to remand the cause to the trial court for further proceedings.

"Once removal is effected, 'the State court shall proceed no further unless and until the case is remanded.'" *Meyerland Co. v. Federal Deposit Ins. Corp.*, 848 S.W.2d 82, 83 (Tex.

1993) (citing 28 U.S.C. § 1446(d)). Removal to federal court suspends the state appellate timetable, *see Quaestor Invs., Inc. v. Chiapas*, 997 S.W.2d 226, 229 (Tex. 1999), and stays any further action by the state appellate court, *see Weaver v. Tobin*, No. 03-03-00573-CV, 2003 Tex. App. LEXIS 10335 (Tex. App.—Austin Dec. 11, 2003, no pet.) (mem. op.); *EOG Resources, Inc. v. Vela*, No. 04-02-00168-CV, 2003 Tex. App. LEXIS 6884 (Tex. App.—San Antonio Aug. 13, 2003) (mem. op.). When a case is removed to federal court, it is deemed that all litigation previously performed in state court had in fact been performed in federal court. *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 84 (Tex. 1996) (citing *First Republic Bank v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992)). Parties cannot therefore seek to enforce orders previously entered in state court once that court has been divested of jurisdiction. *See id.*[1]

Accordingly, we must abate this appeal. *See Meyerland*, 848 S.W.2d at 83. The appeal will be reinstated if and when jurisdiction revests in the state court, which occurs "when the federal district court executes the remand order and mails a certified copy to the state court." *Quaestor Invs.*, 997 S.W.2d at 229.

---

[1] Appellee acknowledges that the cause is now pending before the federal district judge, but nonetheless asserts that "this Court and the state district court retain jurisdiction after removal to issue sanctions and contempt orders for pre-removal conduct that occurred in state court," relying on *In re Bennett*, 960 S.W.2d 35 (Tex. 1997). In *Bennett*, the supreme court held that a state court has jurisdiction to consider, sua sponte, post-removal sanctions against an attorney "when the sanctions are unrelated to the merits of the removed case." *Id.* at 36. In this case, however, the order that the appellants are alleged to have violated, now pending before the federal district court, is not "unrelated to the merits of the removed case," but, as appellant himself acknowledges in his motion for temporary remand, "*is the basis of the appeal* before this Court." (Emphasis added.)

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Abated

Filed:   June 10, 2009