# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00199-CV

**Joe Taylor, Appellant**

**v.**

**Pete DeRosa, Peter DeRosa, Linda DeRosa, Mark DeRosa, Creation Expeditions and Creation Expeditions, Inc., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-07-002940, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I ON

Appellant Joe Taylor sued appellees Pete DeRosa, Peter DeRosa, Linda DeRosa, Mark DeRosa, Creation Expeditions, and Creation Expeditions, Inc. (collectively the "DeRosas") objecting to an arbitration decision stemming from Taylor's alleged breach of a settlement agreement among the parties. The DeRosas answered and filed a motion to confirm the arbitral award pursuant to civil practice and remedies code section 171.087. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (West 2005). The trial court rendered judgment denying Taylor's motion to vacate the arbitral award and granting the DeRosas' motion to confirm the award. Taylor brings this restricted appeal. In two issues, he claims that (1) the trial court erred because it was without jurisdiction to enter the award, and (2) the injunction forbidding him to disparage or defame the DeRosas is an unconstitutional prior restraint on his free-speech rights. We will affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The controversy among the parties stems from a dispute over the actual discoverer and ultimate owner of the fossilized remains of an allosaurus, or allosaur, the genus name given to several species of large meat-eating dinosaurs that lived during the late Jurassic period, approximately 145 million years ago. The parties mediated their dispute in Austin and memorialized their understanding in a settlement agreement. Because their dispute involved public accusations and recriminations, the settlement agreement included a non-disparagement clause forbidding any party from criticizing or disparaging the other parties publicly. After Taylor allegedly publicly disparaged the DeRosas numerous times, they demanded arbitration pursuant to the arbitration clause in the settlement agreement. After a hearing in Travis County, the arbitrator found that Taylor had violated the non-disparagement clause of the settlement agreement twenty times and was likely to continue to disparage the DeRosas. He awarded the DeRosas $129,399.64 for damages and attorney's fees and issued an injunction prohibiting Taylor from disparaging the DeRosas or anyone else involved in the allosaurus project and from criticizing a film that the DeRosas made about the allosaurus project.

Taylor filed suit in Crosby County objecting to the award on several grounds. The DeRosas filed a motion to transfer the case to Travis County pursuant to the mandatory venue provision in the civil practice and remedies code. *See id.* § 171.096 (West 2005) (if hearing before arbitrators was held, venue is mandatory in county where hearing was held). After the case was transferred to Travis County, the DeRosas filed an amended answer and motion to confirm the

2

arbitral award. After a hearing at which Taylor did not participate, the trial court rendered judgment confirming the award. Taylor brings this restricted appeal.

## STANDARD OF REVIEW

"To prevail on a restricted appeal, [the appealing party] must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing Tex. R. Civ. P. 26.1(c), 30; *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999)). We cannot consider any extrinsic evidence; our review is limited to the face of the record. *Id.* Finding the fourth requirement dispositive in the present case, we need not discuss Taylor's compliance with the first three.

## DISCUSSION

By his first issue, Taylor asserts that the trial court did not have jurisdiction to enter judgment on the arbitral award because, pursuant to the Uniform Commercial Code ("UCC"), he discharged his duties under the arbitral award, which he claims constituted an "offer," by sending to the DeRosas' counsel an instrument entitled "conditional acceptance." Because the DeRosas failed to respond to his "conditional acceptance" within three days, Taylor asserts that his acceptance was "dishonored" by the DeRosas, and thus no "contract" was consummated from the arbitral

3

award's "offer." Taylor reasons that this means that he owes the DeRosas nothing and, therefore, the court had no jurisdiction to render judgment against him.

Taylor misunderstands the import of an arbitral award and the applicability of the Uniform Commercial Code. The UCC applies only to a sale of goods, which is not present here. *See* Tex. Bus. & Com. Code Ann. § 2.102 (West 2009). Furthermore, the arbitral award in this case is not a contract, nor is it an offer to make a contract that Taylor could accept or reject. It is a binding adjudication resulting from an arbitration proceeding authorized by the parties' settlement agreement over which the court has jurisdiction to render judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.081 (West 2005). There is no error on the face of the record that would lead us to conclude that the trial court lacked jurisdiction to render judgment confirming the arbitral award. *See Alexander*, 134 S.W.3d at 848. Consequently, we overrule Taylor's first issue.

By his second issue, Taylor complains that the trial court's judgment enjoining him from disparaging the DeRosas constitutes an unconstitutional prior restraint on his free-speech rights under the Texas Constitution.[1] *See* Tex. Const. art. I, § 8. While Taylor fails to specifically point out any error on the face of the record, we could, by liberally construing his briefs, assume that he considers the injunction itself to be error because it impinges his freedom of speech. As he notes in his brief, prior restraints are *usually* unconstitutional, *see Ex parte Price*, 741 S.W.2d 366, 369 (Tex. 1987) (Gonzalez, J., concurring); however, determining if the injunction in the present case

---

[1] Taylor does not attack the power of the arbitrator to award injunctive relief. *See J.J. Gregory Gourmet Servs., Inc. v. Antone's Imp. Co.*, 927 S.W.2d 31, 35-36 (Tex. App.—Houston 1995, no writ) (unless arbitration agreement provides otherwise, arbitrator may award injunctive relief).

4

is an unconstitutional infringement on Taylor's free-speech rights would involve an inquiry beyond the "face of the record," a task outside our limited review in a restricted appeal.

We cannot say, from the face of this record, that there is error in the trial court's judgment. Furthermore, because arbitration is a favored means of dispute resolution, our review of an arbitral award—even in the case of a normal appeal—is very limited. *Universal Computer Sys., Inc. v. Dealer Solutions, L.L.C.*,183 S.W.3d 741, 752 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). We indulge every reasonable presumption in favor of the arbitrator's decision and indulge none against it. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). "Review is so limited that a court may not vacate an arbitration award even if it is based upon a mistake of fact or law." *Universal Computer Sys., Inc.*, 183 S.W.3d at 752. In the present case, neither party requested that a record be made of the arbitration proceeding, so we cannot even review the evidence that the arbitrator considered in deciding that an injunction was appropriate here. We would, therefore, have to indulge every reasonable presumption in favor of the arbitrator's decision, including those that would be necessary to sustain a prior restraint on speech.

Moreover, the injunction in the present case merely serves to enforce a bargained-for provision of the parties' settlement contract—the non-disparagement clause. In essence, the injunction imposes specific performance on Taylor. The effect of the injunction here is simply to force Taylor to comply with the terms of a bargained-for agreement that provided him with substantial monetary compensation. *See, e.g.*, *Cohen v. Cowles Media Co.*, 501 U.S. 663, 671 (1991) ("The parties themselves . . . determine the scope of their legal obligations, and any restrictions that may be placed on the publication of truthful information are self-imposed.");

5

*Perricone v. Perricone*, 972 A.2d 666, 682 (Conn. 2009) ("We are persuaded by the weight of authority that an agreement that restricts speech, but that does not expressly refer to first amendment rights, constitutes a valid waiver of those rights, as long as the waiver was intelligent and voluntary."); *Pierce v. St. Vrain Valley Sch. Dist.*, 981 P.2d 600, 604 (Colo. 1999) ("Here, the parties imposed their own restrictions [by contract] on their ability to speak publicly . . . . Enforcement of the settlement agreement does not violate the First Amendment."); *Aultcare Corp. v. Roach*, No. 2007CA0009, 2007 WL 3088036, at *3 (Ohio App.—5th Dist. Oct. 27, 2007) (upheld injunction enforcing non-disparagement clause over appellant's objection that it was prior restraint on speech because "the trial court only ordered the continuation of the restrictions entered into voluntarily by appellant").

In any event, our review in a restricted appeal is limited to the face of the record; because there is no error on the face of the record, we overrule Taylor's second issue.

**CONCLUSION**

Having overruled Taylor's two issues on appeal, we affirm the judgment of the trial court.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   March 24, 2010

6