NO. 07-10-00267-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
19, 2010

 



 

MORTGAGE ELECTRONIC REGISTRATION

 SYSTEMS, INC., APPELLANT

 

v.

 

MARK DISANTI, APPELLEE 



 



 

 FROM THE 393RD DISTRICT COURT OF DENTON
COUNTY;

 

NO. 2009-60324-393; HONORABLE DOUGLAS M. ROBISON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER

 

On October 4, 2010, appellant
Mortgage Electronic Registration Systems, Inc., (MERS) and appellee
Mark DiSanti filed a joint motion asking us to set
aside the judgment of the trial court in the underlying action, remand the case
for a new trial, and dismiss this appeal. 
Attached to the motion is a document memorializing the intention of the
parties to seek the requested relief in this court.  According to the motion, DiSanti
obtained a default judgment against MERS on December 4, 2009.  MERS filed a notice of restricted appeal on
June 1, 2010.[1]  

MERS and DiSanti
do not direct us to a location in the record where they agree we will find
reversible error of the trial court, apparent on the face of the record.  Indeed, the parties do not mention an act of
reversible error by the trial court. 
Rather, in the motion MERS and DiSanti state
their attorneys “have conferred regarding MERS (sic) appeal and have agreed
that the default judgment should be set aside and the matter remanded to the
trial court for a new trial.”  

            As
authority for the motion, the parties rely on Rule of Appellate Procedure
42.1(a)(2)(A), which permits us to “render judgment
effectuating the parties’ agreement” in accordance with an agreement signed by
the parties or their attorneys and filed with the clerk. Tex. R. App. P. 42.1(a)(2)(A).  

            The
relief the parties seek by their joint motion is beyond that authorized by Rule
42.1(a)(2).  We
may not “order a new trial merely on the agreement of the parties absent
reversible error, or vacate a trial court’s judgment absent reversible error or
a settlement.”  Notes and Comments, Tex.
R. App. P. 42.1; see In re J.A.B., No. 08-06-0201-CV, 2007
Tex. App. Lexis 6312 (Tex.App.--El Paso Aug. 9, 2007,
no pet.) (mem. op.) (agreed motion of appellee to
reverse and remand proper since appellee conceded one
of appellant’s points of error and the court of appeals agreed trial court
erred).  For that reason, the motion of
the parties as presented is denied.

It is so ordered.

Per Curiam

 

 

            








 











[1]
To prevail on a restricted
appeal, the appealing party must establish: (1) it filed notice of the
restricted appeal within six months after the judgment was signed; (2) it was a
party to the underlying lawsuit; (3) it did not participate in the hearing that
resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and
conclusions of law; and (4) error is apparent on the face of the record.  Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004)
(citing Tex. R. App. P. 26.1(c), 30; Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227
(Tex. 1999)).  In the motion, the
parties agree on the timeliness of the notice of appeal, that MERS was a party
to the underlying lawsuit, and that MERS did not participate in the hearing
that resulted in the appealed judgment. 
No mention is made of a timely postjudgment
motion or a request for findings of fact and conclusions of law by MERS.