Opinion filed December 23,
2010 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00152-CV

                                                    __________

 

                        $1,803.11
IN UNITED STATES CURRENCY 

                               
(TOMMY LEE MONROE), Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 32nd District Court 

 

                                                             Nolan
County, Texas

 

                                                      Trial
Court Cause No. 19023  

 



 

                                            M
E M O R A N D U M    O P I N I O N        

            This
is a restricted appeal pursuant to Tex.
R. App. P. 30 from the trial court’s no-answer default judgment forfeiting
the $1,803.11 as contraband.  We affirm.

            On
appeal, Tommy Lee Monroe argues that Officer Mark Webb had insufficient
evidence that the money came from the sale of controlled substances.  He also
contends that, at the time the money was seized, it was not found in proximity
to the drugs or the drug paraphernalia and that there was no positive nexus
between the money and any criminal activity.

            A
restricted appeal, formerly appeal by writ of error, is available to a party
who neither participated in the hearing that resulted in the judgment being
complained of nor filed any timely post-judgment motion, request for findings
of fact and conclusions of law, or a notice of appeal pursuant to Tex. R. App. P. 26.1(a).  Rule 30.  A
restricted appeal is a direct attack on the trial court’s judgment and is
limited to errors that are apparent on the face of the record.  Alexander v.
Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Quaestor Invs., Inc.
v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999).

            Monroe’s
arguments are not apparent on the face of the record before us.  Each
contention has been considered, and each is overruled.

            The
judgment of the trial court is affirmed.

 

 

                                                                                                PER
CURIAM

 

December 23,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.