TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00090-CV






Angela M. Dean, Appellant


v.


Darrin M. Hall, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT

NO. 05-0568, HONORABLE BRENDA K. SMITH, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 Appellee Darrin M. Hall filed a suit to modify the parent-child relationship against
his ex-wife, appellant Angela M. Dean. Hall moved for substituted service on Dean, asserting that
he did not know her current whereabouts. The judge granted Hall's motion; Hall served Dean's
father per the order. Dean failed to file an answer, and the trial court granted default judgment
against her. Dean brought this restricted appeal, arguing in two issues that the trial court erred (1) in
granting default judgment because the motion and affidavit requesting substituted service were
inadequate, and (2) in failing to make a record of the default proceedings contrary to the
requirements of the family code. We will reverse the trial court's judgment and remand the cause
for further proceedings.


FACTUAL AND PROCEDURAL BACKGROUND

 Dean and Hall divorced in 2006. They have three minor children together. On
July 15, 2009, Hall filed a petition to modify the parent-child relationship along with a "Motion for
Alternative Service or Substituted Service." The motion asserted that Dean refused to tell Hall her
current address and that Hall did not otherwise know Dean's current address. It also stated that "[a]
method of service as likely as publication to give Angela M. Hall actual notice is by serving her
mother or father . . . [at their address in San Marcos]." Hall's affidavit in support of the motion
stated in relevant part:


The best possible way to give my children's mother, Angela Dean, [notice] is through
her parents . . . [at their address in San Marcos]. The residence of Angela M. Dean,
a party in this case, is unknown to me. I have exercised due diligence to locate the
whereabouts of this party and have been unable to do so.



The trial court granted the motion for substituted service. The record contains the process server's
return of service in affidavit form. The return states that the citation, petition, and order on
substituted service were delivered to Dean's father at his home address on July 16, 2009.

 Dean did not file an answer timely, and Hall proceeded with a default-judgment
hearing. According to Hall, the trial court made an audio recording of the hearing, but that recording
is inaudible. The trial court rendered a default judgment against Dean. About six weeks later, Dean
filed an untimely answer and a motion for new trial, which the court denied. She then filed this
restricted appeal.


STANDARD OF REVIEW

 To prevail on a restricted appeal, the appealing party must establish that: (1) it filed
notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to
the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment
complained of and did not timely file any postjudgment motions or requests for findings of fact and
conclusions of law; and (4) error is apparent on the face of the record. Alexander v. Lynda's
Boutique, 134 S.W.3d 845, 848 (Tex. 2004) (citing Tex. R. Civ. P. 26.1(c), 30; Quaestor Invs., Inc.
v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999)). We limit our review to the face of the record
and may not consider extrinsic evidence. Id. At issue in the present case is only whether there is
error on the face of the record.


DISCUSSION

 In her first issue, Dean asserts that service on her father was improper and ineffective
to give her notice because Hall's motion for substituted service and affidavit in support of the motion
did not comply with the relevant rules on substituted service. Defective service of process
constitutes error on the face of the record. Hubicki v. Festina, 226 S.W.3d 405, 407 (Tex. 2007). 
In a restricted appeal from a default judgment, we make no presumptions in favor of valid service. 
Id. at 408. The supreme court has "long demanded strict compliance with applicable [service]
requirements when a defendant attacks a default judgment." Id. Even proof that the defendant had
actual notice will not cure defective service. Id. Also relevant here, the family code requires that
the respondent be served with process in a suit to modify the parent-child relationship and specifies
that the Texas Rules of Civil Procedure apply to such suits. Tex. Fam. Code Ann. §§ 156.003 ("A
party whose rights and duties may be affected by a suit for modification is entitled to receive notice
by service of citation."), .004 ("The Texas Rules of Civil Procedure applicable to the filing of an
original lawsuit apply to a suit for modification under this chapter.") (West 2008).

 After reviewing the record, we agree with Dean that Hall's motion and its supporting
affidavit did not comply with the rules regarding substituted or alternative service. For a court to
allow alternative service under Texas Rule of Civil Procedure 106, the movant's motion and
affidavit must state "the location of the defendant's usual place of business or usual place of abode
or other place whether the defendant can probably be found" and recite facts showing that service
has been attempted unsuccessfully at "the location named in such affidavit." Tex. R. Civ. P. 106. 
Although Hall's affidavit stated that he did not know the location of Dean's residence, it said nothing
about her place of business or any other place where she could probably be found. Nor did it recite
facts showing that service was attempted unsuccessfully at such location. Accordingly, it did not
comply with rule 106.

 Rule 109 allows service of citation by publication if a person's whereabouts are
unknown. Id. R. 109. Although Hall averred that he did not know of Dean's whereabouts, he did
not request service by publication.

 Rule 109a permits "other substituted service" if the prescribed method "would be as
likely as publication to give defendant actual notice," but such substituted service may be used only
where "citation by publication is authorized." Id. R. 109a. For citation by publication to be
authorized, the movant's supporting affidavit must set forth facts showing the movant's due
diligence in attempting to ascertain the defendant's whereabouts. Id. R. 109. Hall's affidavit states
that he used diligence in attempting to locate Dean, but does not describe any steps that he actually
took to do so. Thus, Hall's statement that he "exercised due diligence" is a mere conclusion and
does not constitute a sufficient showing of facts demonstrating diligence to allow citation by
publication. Because citation by publication was not authorized under rule 109, "other substituted
service" under rule 109a was also not authorized. (1)

 Having determined that Hall's motion and supporting affidavit did not strictly comply
with the rules regarding alternative or substituted service, we hold that the trial court erred in
granting Hall's motion for alternative or substituted service. As the record does not show that Dean
was otherwise personally served or made a general appearance prior to the rendition of judgment,
the trial court erred in granting default judgment against her. See Kawasaki Steel Corp. v. Middleton,
699 S.W.2d 199, 200 (Tex. 1985) (absent general appearance, valid service of process required for
court to have personal jurisdiction). We sustain Dean's first issue. Because we do so, we need not
reach her second. (2)

CONCLUSION

 We reverse the trial court's judgment and remand the cause to the trial court.



 

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Remanded

Filed: December 31, 2010
1. Additionally, the trial court must "inquire into the sufficiency of the diligence exercised
. . . before granting any judgment on such service." Tex. R. Civ. P. 109. The record does not show
that the trial court made the required inquiry into the sufficiency of Hall's diligence before granting
the default judgment.
2. In her second issue, Dean asserts that the trial court erred by not making a record of the
hearing contrary to the family code's requirements. Although the order recites that "the making of
a record was waived by the parties," as Dean was not present at the hearing, such a statement is
obviously erroneous. The making of a record in a suit to modify the parent-child relationship cannot
be waived by a party who is not present in person or represented by counsel at the hearing. 
In re Vega, 10 S.W.3d 720, 722 (Tex. App.--Amarillo 1999, no pet.). Hall, who was present at the
hearing, represented that the trial court made an audio recording of the hearing. But, according to
Hall, the recording is now inaudible. We note that Texas Rule of Appellate Procedure 34.6(f)
requires that we grant an appellant a new trial if (1) the appellant timely requested the reporter's
record; (2) by no fault of the appellant, the electronic record is inaudible; (3) the inaudible record
was necessary to the appeal's resolution; and (4) the inaudible record cannot be replaced by
agreement of the parties. See Tex. R. App. P. 34.6(f).