**Opinion issued March 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00023-CV

————————————

**FIDELITY INVESTMENT LIMITED, Appellant**

**V.**

**XIAODONG LI, Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-37945**

---

## MEMORANDUM OPINION

Appellant, Fidelity Investment Limited, seeks to appeal from a default judgment signed by the trial court on July 31, 2015. Fidelity filed a motion to extend the time to file its notice of appeal in this Court to attempt to make its notice of appeal, filed on January 7, 2016, timely after its notice of removal to federal court was denied and the case was remanded to state court. The appellee, Xiaodong Li,

filed a response in opposition to Fidelity's motion, contending that the notice of appeal was untimely filed because Fidelity's explanation was unreasonable. We agree, deny the motion, and dismiss the appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *Id.*; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

The clerk's record, filed in this Court on February 23, 2016, reflects that Li filed an amended petition on December 23, 2013, and moved for a default judgment on July 23, 2014. The trial court signed the default judgment on July 31, 2015. Fidelity timely filed a motion for new trial and special appearance, contesting

2

personal jurisdiction, on August 28, 2015. *See* TEX. R. CIV. P. 120a(1), 329b. Therefore, Fidelity's appellate deadline was extended for ninety days from July 31, 2015, until October 29, 2015. *See* TEX. R. APP. P. 26.1(a)(1). Fidelity's fifteen-day extension period ended on November 13, 2015. *See id.* 26.3(a). Fidelity's notice of appeal, filed in the trial court on January 7, 2016, would be untimely filed fifty-five days after November 13, 2015, unless the removal tolled this extension period.

Fidelity filed its notice of removal on November 6, 2015, eight days into the fifteen-day extension period, leaving seven days upon remand. Fidelity filed its notice of appeal on January 7, 2016, and filed a motion to extend the deadline to file its notice of appeal in this Court on January 28, 2016. *See* TEX. R. APP. P. 26.3. Assuming arguendo that Fidelity's notice of removal tolled the fifteen-day grace period from November 6, 2015, until December 31, 2015, when the case was remanded, Fidelity's appeal was filed seven days after remand. *See* 28 U.S.C. § 1447(c) (stating that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," and then "[t]he State court may thereupon proceed with such case"); *see also Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (holding that "appellate timetable recommences upon the revesting of jurisdiction in the state court, which occurs when the federal district court executes the remand order and mails a certified copy of the remand order to the state court," but concluding that appellant untimely

3

filed its petition for writ of error). Thus, Fidelity's notice of appeal was filed within the fifteen-day grace period after remand, and a motion for extension is necessarily implied. *See* TEX. R. APP. P. 26.3(a); *Verburgt*, 959 S.W.2d at 617–18.

Fidelity was still required, however, to offer a reasonable explanation of the need for an extension of time to file its notice of appeal. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). The Texas Supreme Court has defined "reasonable explanation" to mean "'any plausible statement of circumstance indicating that failure to file within the [required] period was not deliberate[] or intentional, but was the result of inadvertence, mistake, or mischance.'" *Zhao v. Lone Star Engine Installation Ctr.*, No. 05-09-01055-CV, 2009 WL 3177578, at *1 (Tex. App.—Dallas Oct. 6, 2009, pet. denied) (per curiam) (mem. op.) (quoting *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989)).

Here, Fidelity's counsel claimed that he was substituted in for Fidelity's former counsel on October 14, 2015, eight days after Fidelity's special appearance had been denied on October 6, 2015. Fidelity's new counsel claimed that he had "discovered a wealth of issues that had either been ignored or poorly argued, leading a simple motion to reconsider improper service of process to balloon into a motion to dismiss for lack of personal jurisdiction, lack of an applicable long-arm statute, and Rule 91A failure to state a claim, which was filed on October 28, 2015." Then,

4

"[w]hile working on this motion, Fidelity's new counsel mistakenly believed that Fidelity had only filed special appearance motions in trial court, and therefore would be able to file a restricted appeal within six months of the default judgment."[1] But it was "[o]nly after the ninety (90) day deadline had passed on October 29, 2015 [that] Fidelity's new counsel realize[d] that this was not the case," and then he removed the matter to federal court. Upon remand to state court, Fidelity filed its notice of appeal on January 7, 2016, "effectively (13) days after the ninety (90) day deadline."

Thus, Fidelity essentially claimed that it was reasonable to hold off on filing a notice of appeal earlier because its new counsel believed that he had reasonable, jurisdictional arguments for removal and there was a chance that the federal court would proceed with the case. However, Fidelity ignores the fact that its prior counsel's motion for new trial and special appearance, which the trial court denied on October 6, 2015, made similar jurisdictional arguments as those raised in Fidelity's notice of removal. Instead of filing a notice of appeal after being substituted in as counsel on October 14, 2015, Fidelity's new counsel instead chose to file a motion for reconsideration of the denial of its special appearance, essentially a second motion for new trial, on October 28, 2015. If a motion for new trial was

---

[1] Only parties who did not participate in the hearing that led to the judgment and who did not timely file a post-judgment motion may file a restricted appeal within six months of the signing of the judgment. *See* TEX. R. APP. P. 30.

5

timely filed, as Fidelity's former counsel did here, the trial court only had plenary power to grant a new trial until thirty days after all timely-filed motions were overruled on October 6, 2015, which would have been November 5, 2015. *See* TEX. R. CIV. P. 329b(e).

Then, instead of filing a notice of appeal at that point, Fidelity's new counsel chose to file a notice of removal based on diversity of citizenship on November 6, 2015. Generally, a notice of removal "may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 [diversity of citizenship] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

Here, Fidelity's notice of removal was filed on November 6, 2015, nearly *two* years after service of the amended petition on December 23, 2013. Thus, Fidelity's reasonable explanation ignores the fact that its notice of removal was untimely filed unless the federal court held that that Li had "acted in bad faith in order to prevent [Fidelity] from removing the action." 28 U.S.C. § 1446(c); *see, e.g.*, *Pasha v. YP*

6

*Advertising, L.P.*, No. 01-14-00456-CV, 2014 WL 4116456, at \*1 (Tex. App.—Houston [1st Dist.] Aug. 21, 2014, no pet.) (per curiam) (mem. op.) (appellants' explanation "that it was reasonable to hold off on filing a notice of appeal earlier because they believed that there was a chance the trial court would grant their motion for new trial," however, "ignored the fact that that . . . their motion for new trial . . . had already been overruled by operation of law. . . .").

In this case, the federal court did not hold that Li had acted in bad faith to prevent a timely removal. *See* 28 U.S.C. § 1446(c). Instead, the federal court held that there was no fraudulent misjoinder by Li and no diversity jurisdiction and, thus, that Fidelity had "waived its right to remove the case because, in effect, it seeks appellate review of the state court's decision." (C.R. 195-99). Thus, Fidelity's claim that it was reasonable to wait to file its notice of appeal until after its notice of removal was remanded was an unreasonable explanation since it indicates that it deliberately and intentionally waited to file the notice of appeal in favor of filing a notice of removal to federal court to raise similarly-rejected jurisdictional arguments for at least the second time. *See, e.g.*, *Connor v. Connor*, No. 01-15-00916-CV, 2015 WL 9303498, at \*1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (per curiam) (mem. op.) ("Intentionally waiting for the trial court to hear or rule on a motion for new trial is not a reasonable excuse for untimely filing the notice of appeal.") (citing, *inter alia*, *Pasha*, 2014 WL 4116456, at \*1-2 (appeal dismissed

because appellants' explanation that they believed there was a chance trial court would grant their motion for new trial held to be conscious ignorance of deadline and thus, their failure to file notice of appeal timely was unreasonable)).

Because Fidelity offered no reasonable explanation that indicates the late notice of appeal filing was not a deliberate or intentional act, the notice of appeal was not timely. *See Garcia*, 774 S.W.2d at 670. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

## CONCLUSION

Accordingly, we **deny** appellant's motion for extension of time to file its notice of appeal and **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

8